ABRAHAM SHYOWITZ ET AL., APPELLANTS, v. UNION INDEMNITY COMPANY, RESPONDENT.

Submitted October 28, 1927—Decided February 7, 1928.

For the appellants, *Weinberger & Weinberger*.

For the respondent, *McDermott, Enright & Carpenter*.

The opinion of the court was delivered by

MINTURN, J. The defendant company issued its accident liability policy of insurance on March 14th, 1922, which contained the following limitation of authority: "No condition or provision thereof shall be waived or altered by anyone, unless by endorsement thereon, signed by the president or

secretary of the company, nor shall notice to any agent, nor shall knowledge possessed by any agent or by any other person be held to effect a waiver or change in this contract, or any part of it." While the policy was in force the premises were sold by the insured Burg to these plaintiffs, who thereupon secured from the agent of the defendant company an endorsement of the transfer of title. In that posture of affairs a tenant on the premises fell and sustained injuries, for which in a suit at law she recovered judgment against the plaintiffs, the amount of which they seek to recover in this suit against the insurance company, under the terms of the policy.

The company interposed the defense that no liability existed, since the consent of the company to the change of ownership of the premises had not been procured in the manner stipulated in the policy, i. e., by the written consent of the company through its president or secretary. The learned trial court upon that showing refused to admit the policy in evidence, and directed a judgment of nonsuit, from which this appeal was taken.

There are, of course, cases where in the absence of an express provision in the contract such as is here contained, the acts of an agent in lulling the insured into a status of quiescence have operated as an estoppel against the company. Such an instance is presented in the case of *Millville Insurance Co.* v. *Mechanics, &c., Building and Loan Assn.*, 43 *N. J. L.* 652.

But where the contract expressly contains the restrictions and limitations of authority presented by the policy in suit, it is difficult to perceive upon what legal theory of construction its provisions may be ignored and over-ridden, by the unauthorized acts of a subordinate agent, without, in effect, denying to the insurer the right to contract upon terms of its own selection. Manifestly, unless the *modus operandi* provided in the policy, relating to transfers of ownership, be complied with, there is no privity of contract existing between the parties upon which liability can be legally predicated, and, obviously, the parties to the suit must be assumed to be cognizant of the express provisions of the contract upon

which they predicate a contractual status of liability. *Catoir* v. *Insurance Co.*, 33 *N. J. L.* 487; *McClave* v. *Mutual Reserve Assn.*, 55 *Id.* 187; *Kupferschmidt* v. *Agricultural Insurance Co.*, 80 *Id.* 441.

The policy of insurance, therefore, not being a contract *inter partes,* but entirely by its provisions legally unrelated to the plaintiffs, was properly excluded by the trial court as a basis of liability, and for the same reason the judgment of nonsuit was properly directed.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.