HUDSON CASUALTY INSURANCE COMPANY, complainant-respondent,

*v.*

HARRY GARFINKEL et al., defendants-appellants.

[Argued February 10th, 1932. Decided June 24th, 1932.]

*Mr. Maurice J. Halpern* and *Mr. Burton A. Gaskill,* for the appellants.

*Messrs. Thompson & Hanstein,* for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

This is an appeal from a decree of the court of chancery, entered in a proceeding instituted by the respondent, the purpose of which was to cancel a certain policy of liability insurance issued to Harry Garfinkel, one of the appellants herein,

and also to enjoin and restrain the said assured and the other appellants from instituting or prosecuting any suit upon the said policy of insurance.

It appears from the record that on or about the 6th day of April, 1928, Harry Garfinkel purchased a Chevrolet sedan, under a conditional sales contract, which provided that the balance due on the purchase price was to be paid in six monthly installments of $30 each, commencing one month from the date of sale; and on the day of said purchase, the assured's nephew, Milton Garfinkel, on behalf of his uncle, ordered from the respondent's agents, Taylor and Soloff, public liability and property damage insurance, in respect to the use of said car. The policy provided that "in consideration of the premium herein provided and of the statements contained in the schedule hereinafter set forth, which statements the named assured makes and warrants to be true by the acceptance of this policy, the Hudson Casualty Insurance Company, hereinafter called the Company, hereby agrees, &c." The ninth statement contained in the schedule which was a part of the insurance contract, states, "the interest of the named assured in the automobiles herein described is that of an unconditional and sole ownership, except as follows: No exceptions." On May 14th, 1928, Milton Garfinkel, accompanied by his father, Isaac Garfinkel, was operating the automobile covered by the insurance policy, when it collided with another car driven by one Timothy Cordery, and as a result of the collision, Thomas D. Endicott, who was riding with Cordery, was killed. Subsequent to the accident, the respondent insurance company made an investigation; and as a result thereof notified Harry Garfinkel by letter dated July 24th, 1928, that it denied any liability under the said insurance policy; and on August 3d, 1928, forwarded a notice to the assured, that the policy in question was null and void, and canceled as of the date of issue, and enclosed with said notice, a check for the return premium. On September 28th, 1928, suit was instituted by Lida A. Endicott as executrix of the estate of Thomas D. Endicott, deceased, against Harry and Milton Garfinkel and Timothy Cordery, to recover dam-

ages sustained by reason of the death of said Thomas D. Endicott. The Garfinkels forwarded the summons and complaint to the respondent, which immediately returned the documents, with a statement that it denied any liability under the policy, and was not interested in the outcome of the suit. Sometime prior to the trial of the Endicott suit, a non-waiver agreement was entered into, between Harry Garfinkel and the respondent, whereby the respondent, without waiving its denial of liability, agreed to defend the action against both Garfinkels, and to file a counter-claim against Cordery, who operated the car in which Endicott was riding. The negotiations for the execution of the non-waiver agreement were made on behalf of the Garfinkels, by one Robert Garfinkel, an attorney-at-law of this state, and a brother of Milton Garfinkel, who apparently represented both Garfinkels in the transaction. Thereafter, the respondent retained counsel to defend the Garfinkels, and the proper pleadings were filed and defense made in their behalf. The trial of the Endicott suit resulted in a verdict of $20,000 against the Garfinkels, which was subsequently reduced by the supreme court, on a rule to show cause, to $15,000. Timothy Cordery also obtained a judgment for $200 against the Garfinkels, on his counter-claim. Execution was issued upon the Endicott judgment, and returned by the sheriff of Atlantic county, wholly unsatisfied. Subsequently, an action at law was instituted against the respondent by the executrix, based on condition "L" of the policy, which provided in substance, that in the event of insolvency or bankruptcy of the assured, a claimant sustaining injuries or loss might maintain an action against the company, which provision is in accordance with chapter 153 of the laws of 1924. The respondent thereupon filed its bill in the present suit, which alleges in effect, that the automobile in question, while purchased in the name of the assured, was in fact purchased by and for the said Milton Garfinkel, and that it was the intent of the Garfinkels that it should be used by the said Milton Garfinkel in and about his business, and was not used or driven by the assured; and that the reason the car was purchased and application for insurance made in

the name of Harry instead of Milton, was that both said defendants knew the respondent would not issue a policy of insurance to Milton, because it had theretofore canceled a policy issued to him on another car, as he was not a desirable risk. The bill also charges, that the assured, at the time said policy was issued, was not the sole and unconditional owner of said car, as represented in the warranty contained in the policy. The court of chancery granted the relief sought, and a decree was accordingly entered. We fail to find sufficient evidence to support the charge that the car was owned by Milton Garfinkel, and was purchased in Harry's name for the purpose of procuring protection for Milton, which he otherwise could not obtain from the respondent; and if these were the sole grounds upon which the decree was based, it could not, in our judgment, be sustained.

We think, however, that the warranty contained in the policy with respect to the assured being the sole and unconditional owner of the car, was a part and parcel of the contract of insurance, and was in the nature of a condition precedent to the right of recovery, and affirmative of the fact that his ownership was unqualified. The fact that the assured bought the automobile under a conditional sales contract, by which title was reserved in the vendor, until certain installments were paid, is undisputed. Ownership is sole when no other has any interest in the property as owner, and is unconditional when the title is not limited or affected by any condition. In the case of *Ledvinka* v. *Home Insurance Company of New York, 139 Md. 434; 115 Atl. Rep. 596,* it was held that "one who has purchased an automobile under a conditional sale contract by which title is reserved in the vendor to secure notes for purchase-money is not the unconditional and sole owner of the car within the meaning of a clause in a policy insuring the car against theft, although he pays the notes as they mature after the car is stolen, and therefore a warranty of such ownership avoids the policy." To the same effect is *Ballard* v. *Globe and Rutgers Fire Insurance Co., 237 Mass. 34.* It is therefore apparent, that at the time of the delivery of the policy to the assured, he was

not, as he warranted by the acceptance of the contract, the unconditional and sole owner of the property insured; and the non-compliance with said warranty constituted a breach of the contract, and annulled and avoided the policy, both as to the assured and the other appellants who may have had an interest thereunder, had the warranty been complied with. In the State of New York, in accordance with the requirements of a statute similar to chapter 153 of the laws of 1924 of this state, all policies now issued in New York also contain a provision giving injured persons the right to institute suit against an insurance company, in the event of insolvency or bankruptcy of the assured. The courts in that state have held that under this clause, the insurance company issuing a policy has the right to maintain any defense against an injured person that it could have properly urged against the insured had he brought an action on the policy. *Roth* v. *National Auto Mutual Casualty Co., 195 N. Y. Supp. 865,* and in the case of *Merchants Mutual Auto Liability Insurance Co.* v. *Smart, 267 U. S. 126,* the court construed the New York clause referred to, and held that it secured to the injured person the indemnity which his injurer has provided for himself in advance to avoid payment for the injury, and the condition became operative only in the event of the insolvency or bankruptcy of the assured. It therefore follows that where the assured has provided no indemnity, none can be claimed by the injured person.

"If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and in order to recover, the assured must show himself within those terms; and if it appears that the contract has been terminated by the violation on the part of the assured, of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated, or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannnot recover.

It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provisions of the policy which has been accepted or agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made." *Imperial Fire Insurance Co. v. Coos County, 151 U. S. 452; 38 L. Ed. 231.*

"The terms of the policy constitute the measure of the insurer's liability, and there can be no recovery thereon by insured where he has violated or failed to perform its conditions, or its warranties are not literally true or fulfilled, in the absence of an estoppel or waiver on the part of the company. A breach of warranty will avoid the policy, although there is no provision to that effect in the policy." *32 Corp. Jur. 1291.*

The appellants contend that there could have been no breach of contract, because John Soloff, one of the respondent's agents, knew that the car had been purchased under a conditional bill of sale, and when the agent forwarded the order for the policy to the main office, same did not contain information as to title, nor was there any space provided on the order blank to indicate the quality of ownership, and that such knowledge constituted constructive fraud on the part of the respondent. The appellants argue that the contract of insurance should be reformed, for the reason that the home office, when preparing the policy, inserted an answer to the ninth statement in the schedule, contrary to the information given to the local agent, and because no such answer appeared on the order given by the agent for the policy.

In contracts of insurance there is a distinction between a representation and a warranty or condition which is part of the contract itself, in that the former is part of the preliminary proceedings which propose the contract, and the latter is part of the contract when completed. A representation collateral to the contract will not avoid the policy, though it be untrue, unless it was fraudulently made; but the validity

of the entire contract depends upon the truth of fulfillment of the warranty and conditions. *Dewees* v. *Manhattan Insurance Co., 34 N. J. Law 244.*

The policy itself was notice to the assured as to the warranty contained therein, and his silent acceptance closed the contract and bound him to the agreement thereby tendered.

In the case of *Franklin Fire Insurance Co.* v. *Martin, 40 N. J. Law 568,* this court held that "evidence is not competent in an action on the policy to show that the matter complained of as a breach of warranty was mentioned to the agent at the time of the application, and that he said it was of so little consequence that it need not be mentioned in the policy. * * * Nor will it be received to show that the insured informed the agent of the exact condition of his title, and that the agent filled out the application in his own language."

This court held in the case of *Crescent Ring Co.* v. *Travelers' Indemnity Co., 102 N. J. Law 85,* that where an insurance policy is issued containing stipulations contrary to the representations made by the agent, the assured will not be bound to accept it, and in such case, it is the duty of the assured to promptly examine the policy, and if it does not contain the conditions as agreed upon, to at once notify the company of such fact, and of his refusal to accept the policy. In the present case, the assured had the policy of insurance in his possession for more than a month, and it was his duty to examine it, and if it did not contain the proper conditions, to at once notify the company, and return the policy, which he did not do.

We think the refusal of the court below to permit the reformation of the contract was proper, as it is well settled in this state, that in order to reform a contract of insurance or other written contract, in the absence of fraud on the part of the defendant, it must appear that the minds of the parties to said contract have met, and that a mutual mistake of the contracting parties has been made in writing out of the contract, so that the parties appear to have entered into an agreement which they have not in fact intended to do. There

is no proof in this case which would support a finding that the respondent had knowledge of the information given to its agent, as to the title to the car, or that it intended to issue its policy to the assured, with knowledge that he was not the sole and unconditional owner.

We therefore conclude that the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CAMP-BELL, CASE, BODINE, VAN BUSKIRK, KAYS, HETFIELD, JJ.  8.

*For reversal*—LLOYD, DONGES, DEAR, JJ.  3.