UNITED STATES CASUALTY COMPANY, a corporation, complainant-respondent,

*v.*

WALTER E. MELEE, defendant, and CHARLOTTE POLING and RUSSELL POLING, defendants-appellants.

[Argued October 27th, 28th, 1937.   Decided January 26th, 1938.]

*Messrs. Parsons, Labrecque & Borden (Mr. Theodore D. Parsons,* of counsel), for the appellants.

*Mr. Mark Townsend* and *Mr. Merritt Lane,* for the respondent.

PER CURIAM.

Charlotte Poling and her husband, Russell Poling, appellants here, and defendants below, had instituted a suit for actionable negligence in the supreme court, Monmouth cir-

cuit, against respondent's assured. That suit resulted in a verdict in favor of the plaintiffs and we affirmed the judgment based upon that verdict. *Poling* v. *Melee, 115 N. J. Law 191.*

Respondent here undertook to, and did in fact, defend that suit by the Polings against its assured, without reservation, until a very short time prior to the actual trial thereof when, for the first time, so respondent claims, it discovered that its assured had knowingly made false warranties (1) as to his occupation, asserting in answer to item 3a of the policy that he was retired when in fact he was a commercial wrongdoer, a "betting commissioner," or, as more commonly characterized, a "bookie;" and (2) as to his complete ownership of the insured automobile, asserting in answer to item 9 of the policy, that he owned same unconditionally when in fact there was an outstanding conditional sales contract covering it.

Upon the discovery of these allegedly false warranties, respondent called upon its assured and advised him that it would not proceed further with the defense of the suit unless he (Melee—the assured) would sign a non-waiver agreement. This he did.

Thereafter, respondent filed a bill in chancery setting forth, in substance, the allegedly false warranties by its assured as aforesaid, and praying that its policy with its assured be canceled as of the date of its issue; that respondent be decreed to be under no liability under that policy; and that defendants, Melee and the Polings, be restrained from instituting a suit against respondent, and that they be restrained from recovering under said policy.

Upon the return of a rule to show cause why the bill should not be stricken, the motion to strike it was denied and defendants were given leave to answer. Although defendants were restrained from instituting any suit against respondent upon its policy pending the chancery suit, nevertheless, respondent was given leave, without prejudice, to defend the pending suit of the Polings against Melee. There was no appeal from this order; it remains unchallenged. Subsequently Melee

answered the bill in chancery denying the insurance company's right to the relief prayed for. He also filed a counter-claim seeking a reformation of the policy so that the word "retired" in the answer to item 3a of the policy be stricken, and the words "hotel employe, betting commissioner or bookie" be inserted in lieu thereof; and that the words "conditional sales contract in favor of Taylor & Lambertson * * *" be inserted in lieu of the original answer set forth in item 9 of the policy.

Upon final hearing in the chancery suit, a decree was advised and entered voiding and canceling the policy as of the date of its issue; decreeing that respondent was not liable under the policy; restraining recovery thereunder; and dismissing Melee's counter-claim.

We have carefully examined the proofs upon which the challenged decree was advised and entered. We are of the opinion that, while there may be much force in, and support for, the contention that respondent waived its right to cancel the policy with its assured because of the false warranty by the assured as to his unconditional ownership of the automobile insured, since respondent had knowledge of this false warranty a few days after the accident through the report of its investigator, yet, we are entirely satisfied that the proofs admit of no such knowledge and waiver so far as the false warranty by the assured as to his occupation is concerned. The court below, therefore, reached a proper result. That disposes of the question that we are always called upon to determine in both law and equity cases. *Cf. McCarty* v. *West Hoboken, 93 N. J. Law 247,* and cases therein cited (at *p. 248*).

We have further carefully considered all other points raised and argued and find them to be without merit.

Accordingly, the decree is affirmed, but without costs.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, JJ. 9.

*For reversal*—DONGES, RAFFERTY, JJ. 2.