JOSEPH AMBROSE, PLAINTIFF-APPELLANT, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT-RESPONDENT.

Argued February 3, 1938—Decided May 11, 1938.

For the plaintiff-appellant, *Edmund A. Hayes.*

For the defendant-respondent, *George L. Burton* and *Mark Townsend, Jr.*

The opinion of the court was delivered by

Donges, J.  This is an appeal from a judgment of nonsuit in a suit by appellant against the respondent to recover the amount of a verdict obtained by plaintiff-appellant against his brother, John Ambrose, and another, for injuries sustained by the appellant by being struck by an automobile stored in a garage operated by his brother, into which automobile Gus Viehweger, an employe of the brother, had driven a Reo wrecker belonging to said John Ambrose.

On June 10th, 1936, plaintiff recovered a judgment against John Ambrose and Viehweger in the sum of $6,080.85.  Execution was issued on said judgment and returned unsatisfied. Thereupon appellant instituted this suit.

It is beyond question that defendant, on June 30th, 1935, issued to John Ambrose a policy of insurance to pay any loss, not exceeding $10,000 for bodily injuries or death of one person, by reason of liability imposed by law upon the assured arising out of injuries to such person resulting from the operation of the wrecker here involved.

The defendant denied liability on the ground that the assured had breached certain warranties contained in the policy with respect to the assured's business or occupation. Appellant asserts in his amended reply that there were no breaches of warranty.  It was upon this ground that the judgment of nonsuit was entered.

We do not deem it necessary to pass upon this question, for the reason that we conclude that the insurer is precluded from raising this defense by the terms of the Motor Vehicle Financial Responsibility law.  *Pamph. L.* 1929, *ch.* 116, *p.* 195, as amended and supplemented by *Pamph. L.* 1931, *ch.* 169, *p.* 334.

The policy in question provided that the insurance afforded by the policy should be "subject to the provisions of any

applicable Motor Vehicle Financial Responsibility act * * * which may be or become effective while this policy is in force to the extent of the coverage * * *."

Plaintiff contended below and argued here that the defense of breach of warranty is not available to defendant because of the provisions of the Motor Vehicle Financial Responsibility act. It appears that on February 27th, 1930, a school bus owned by John Ambrose, operated by one Harold Mulbar, killed Blair Clark, a child, in Piscataway township. The proof was uncontradicted that Ambrose had never been required by the commissioner of motor vehicles to furnish proof of financial responsibility.

It has been held by our courts in several decisions that where a policy with such a clause is issued to an assured who has had such an accident as would entitle the commissioner of motor vehicles to require proof of financial responsibility, the policy is in effect in the same manner and to the same extent as if it had been issued in pursuance of the demand of the commissioner. In *Continental Casualty Co.* v. *Lanzisero*, 119 *N. J. Eq.* 166, this court affirmed a decree of the Court of Chancery upon the opinion of Vice-Chancellor Fielder, wherein he said:

"Lanzisero's motor truck was concerned in an accident resulting in damage, prior to the accident here in question but complainant's policy was not obtained pursuant to demand by the commissioner because of such prior accident. Nevertheless I think that a policy such as complainant's, taken out voluntarily by an owner of a motor vehicle who is liable to be called upon for one, comes within the provisions of the act."

In *Steliga* v. *Metropolitan Casualty Insurance Company of New York*, 113 *N. J. L.* 101; *affirmed*, 114 *Id.* 156, it was said:

"It is urged that because the policy was not issued at the demand of the commissioner of motor vehicles, it therefore had no legal status. We do not agree with this proposition. It is true the act directs that the commissioner shall require proof of responsibility in such cases, but it does not make

such action a condition precedent to the validity of insurance effected in accordance with its terms. The insured, being in the class requiring such proof, was not obliged to wait until the commissioner should act before complying with the terms of the act by establishing through insurance the proof of responsibility which the law required. It was likewise optional with the company to assume such liability, but if it did so it could not escape the responsibility thus undertaken."

Mr. Justice Trenchard, speaking for the Supreme Court in *Woloshin* v. *The Century Indemnity Co.*, 116 *N. J. L.* 577, said:

"The rule is that one concerned in a motor vehicle accident, resulting in injury to another person, may have arranged in advance with an insurance company for a policy conforming to *Pamph. L.* 1929, *p.* 195, as amended, *Pamph. L.* 1931, *p.* 334; and in such case, as here, the insurer cannot escape the responsibility it has undertaken, even though the commissioner of motor vehicles has not required proof of financial responsibility."

To the same effect is *U. S. Casualty Co.* v. *Timmerman,* 118 *N. J. Eq.* 563.

So it seems that the holding of these cases is applicable to the case at bar; and so it becomes immaterial whether or not there was a breach of warranty in regard to the statement regarding business or occupation. As was said in *Woloshin* v. *The Century Indemnity Co., supra:*

"It also seems clear that the beneficiaries of the statute and of the policy provisions required thereby, are the public—those who may be injured in a motor vehicle accident; and the policy remains valid as to third persons injured in such an accident, despite assured's breach of a warranty or condition precedent. *U. S. Casualty Co.* v. *Timmerman,* 118 *N. J. Eq.* 563. That the policy is not to be regarded as void *ab initio* is plainly indicated by the case last cited wherein it was pointed out that a 'policy void *ab initio* because of a warranty or condition precedent affords no protection to the public.' "

We are of the opinion that upon the proofs in this case, under the cited authorities, the learned trial judge erred in directing a nonsuit. The judgment under review will be reversed, and a *venire de novo* awarded.

*For affirmance*—PERSKIE, HETFIELD, WOLFSKEIL, WALKER, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, DEAR, WELLS, RAFFERTY, JJ. 9.

*For reversal not on opinion*—HEHER, J. 1.