MARY ALEXANDER AND CATHERINE ALEXANDER, BY THEIR NEXT FRIEND, JOSEPH ALEXANDER, AND JOSEPH ALEXANDER AND NINA ALEXANDER, INDIVIDUALLY, AND PERTELLA CAMPBELL, PLAINTIFFS-APPELLANTS, v. STANDARD ACCIDENT INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 7, 1939—Decided February 5, 1940.

For the plaintiffs-appellants, *Elias G. Willman*.

For the defendant-respondent, *Collins & Corbin*.

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a judgment of nonsuit granted in the Essex Circuit of the Supreme Court.

The action was to recover from the defendant insurance carrier the amount of several judgments already entered for the plaintiffs against Lawrence Clarkson on the theory that Clarkson's operation of the Klein automobile was covered by the policy of insurance issued to Klein by the defendant insurance company.

The automobile was kept at a public garage owned by one Katowitz; when the injuries of the plaintiffs were sustained it was operated by the said Clarkson, an employe of Katowitz; the plaintiffs, pedestrians at the time, met with their injuries when a collision occurred between this and another car. See

*Alexander et al.* v. *Marech,* 13 *N. J. Mis. R.* 425; 178 *Atl. Rep.* 279; *affirmed,* 116 *N. J. L.* 246; 183 *Atl. Rep.* 459.

The policy of insurance issued by the defendant below (respondent here) provided that "the term 'Assured' shall include the Named Assured [Klein] and also any other person while riding in or legally operating any such automobile and any other person, firm or corporation legally responsible for the operation of such automobile, provided (a) the operator of such automobile is using it with the permission of the Named Assured, or if the Named Assured is an individual, with the permission of an adult member of his household * * *." Clarkson was not operating the car with the permission of Klein, the Named Assured, or with the permission of an adult member of Klein's household. Mrs. Marech, who had asked for the car at this particular time and to whom Clarkson was bringing it, was not a member of the household of Mr. Klein, her brother. Our conclusion of this phase of the policy disposes of the appeal. It will not, therefore, be necessary to consider whether Clarkson was an employe under subdivision "C" of the policy which provides:

"The term assured shall not be held to include any public garage, automobile repair shop, automobile sales agency, automobile service station, or any agent or *employe* thereof."

The action of the court in granting a nonsuit was, we find, entirely correct and the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.