## MERCHANTS INDEMNITY CORPORATION OF NEW YORK v. PETERSON et al.

### No. 7322.

Circuit Court of Appeals, Third Circuit.
June 7, 1940.

McCarter & English, of Newark, N. J. (Gerald M. McLaughlin and Woodruff J. English, both of Newark, N. J., of counsel), for appellant.

Baruch S. Seidman and George S. Applegate, Jr., both of South River, N. J., for appellees.

Before BIGGS, MARIS, and BUFFINGTON, Circuit Judges.

BIGGS, Circuit Judge.

On February 10, 1938, the appellant, Merchants Indemnity Corporation of New York, issued an automobile casualty policy to Richard Randolph by the terms of which the appellant agreed to pay all claims for damages sustained against Randolph arising out of the operation of Randolph's automobile upon conditions stated in the policy. The appellees, the Petersons, were Randolph's passengers when Randolph had an automobile accident on April 23, 1938, in which they suffered personal injuries. The appellees sued Randolph for damages, recovering a judgment in the sum of $4,-860.45. Randolph failed to pay the judg-

ment and the appellees sued the appellant, which refused payment on the ground that Randolph had failed to co-operate with it as required by the policy.

■ Paragraph 13 of the complaint alleges that prior to the issuance of the policy sued upon by the appellant to Randolph and on April 20, 1930, Randolph, while operating an automobile in New Brunswick, New Jersey, had a collision with another car, operated by one Snowhill, resulting in personal injuries to the latter and in property damage in excess of $100. Other paragraphs of the complaint allege that under the terms of the Financial Responsibility Statute, N.J.R.S. 39:6–1, N.J.S.A. 39:6–1 the Commissioner of Motor Vehicles must require proof of financial responsibility from any person who has been "concerned" in a motor vehicle accident as indicated by the statute. Paragraph 16 of the complaint alleges that as a result of the accident in 1930 Randolph was obligated to furnish proof of financial responsibility, that the policy issued by the appellant and here sued upon was a "required" policy under the statute, and, that as a result the liability of the insurer was absolute under R.S. 39:6–20, subd. a, N.J.S.A. 39:6–20, subd. a. If the policy sued upon in the case at bar is a "required" policy under the statute, the defense of lack of co-operation by Randolph may not be pleaded by the appellant as a defense.

The appellant filed an answer which alleges that Randolph failed to co-operate in the defense of the Petersons' suit. As to paragraph 13 of the complaint, the appellant answered that it was without knowledge or information sufficient to form a belief. The answer denies the allegations of paragraph 16. The appellees moved to strike paragraph 13 of this answer on the ground that it was insufficient in law and paragraph 16 on the ground that it was sham. The appellees also moved to strike all the additional defenses set up by the answer on the ground that they were insufficient in law. Affidavits were filed in support of and against this motion. The court below struck the answer and entered summary judgment for the appellees. This judgment is appealed from.

In the case of Ambrose v. Indemnity Insurance Company of North America, 120 N.J.L. 248, 199 A. 47, the Court of Errors and Appeals of New Jersey dealt with the question with which we are concerned in the case at bar. In 1936 Ambrose re-covered a judgment against his brother for injuries sustained when he was struck by an automobile owned by the latter. When the judgment was not paid, Ambrose sued the insurance carrier. It appeared that in 1930 a school bus owned by the brother had killed a child. In delivering the opinion of the court, Justice Donges stated that the proof was uncontradicted that Ambrose's brother had never been required by the Motor Vehicle Commissioner to furnish proof of financial responsibility, but the court held that the policy taken out by Ambrose's brother, a person who because of the prior accident was liable to furnish proof of financial responsibility, was a required policy under the statute and the liability of the insurance carrier was absolute and unconditional.

The appellant for its part contends that since the Statute, R.S. 39:6–4 and 39:6–16, N.J.S.A. 39:6–4 and 39:6–16, provides a three-year period after which the Commissioner may return the "evidence of insurance" required by the statute, its provisions cannot be deemed to be applicable for any period in excess of three years after the date of the accident and therefore an insurance policy issued after the expiration of the three-year period may not be deemed to be a required policy within the terms of the statute. The appellant contends that the court in the Ambrose case did not consider the question of limitation imposed by the three-year period and did nothing more than reverse the ruling of the trial court that the policy must have been issued with the specific intent to comply with the statute, if it was to be deemed to be a required policy. We cannot agree with these contentions. The policy in the Ambrose case was issued more than five years after the original accident. The Court of Errors and Appeals necessarily decided therefore that a policy issued more than three years after an accident was a required policy within the terms of the statute.

■ There are other considerations, however. Paragraph 13 of the answer is a sufficient denial under Rule 8(b) of the Rules of Civil Procedure of paragraph 13 of the complaint that the prior accident actually took place. 28 U.S.C.A. following section 723c. An issue of fact was presented thereby as to whether or not a prior accident, in which Randolph had been concerned, had taken place as alleged by the appellees. Paragraph 16 of the answer categorically denies the allegations of para-

graph 16 of the complaint. The allegations of paragraph 16 of both the complaint and the answer are to some degree conclusions of law, but the issues presented by the allegations and their denial are mixed questions of law and fact. It does not appear from the pleadings or from anything contained in the record that the policy here sued on is a policy required by the statute. For example, some other and earlier policy may have been required expressly by the Commissioner and may have been returned by him pursuant to R.S. 39:6–16, N.J.S.A. 39:6–16, or the Commissioner, upon consideration of the facts of the prior accident may have determined, pursuant to R.S. 39:6–1, subd. g., N.J.S.A. 39:6–1, subd. g., that Randolph was not at fault in the earlier accident and therefore may not have required proof of financial responsibility from him. Neither the pleadings nor the affidavits will exclude such a possibility, and summary judgment may not be given under Rule 56 of the Rules of Civil Procedure if there be an issue presented as to the existence of any material fact.

We take the view and understand the Ambrose case and the authorities cited therein to hold that while a policy may be voluntarily taken out in anticipation of an order of the Commissioner, no one is excused from taking out a policy on the theory of non-fault under R.S. 39:6–1, subd. g., N.J.S.A. 39:6–1, subd. g., unless and until the Commissioner expressly makes a finding of lack of fault. Since the appellant by the allegations of paragraph 16 of the answer and by certain allegations of the additional defenses (for example paragraph 1 of the second additional defense) has denied that Randolph's policy was in fact a required policy, the appellant is entitled to its day in court to prove the truth of such allegations.

Such proof will be sufficient if the appellant is able to show, for example, that an earlier policy was required expressly by the Commissioner and returned by him to Randolph after the expiration of three years, or similar proof which may serve to bring Randolph within the exceptions to the Financial Responsibility Statute. If, upon the other hand, the appellant cannot make such proof when the opportunity is afforded, it must be assumed in the light of the Ambrose case that the policy sued upon in the case at bar is a required policy and therefore such a defense as lack of co-operation between the insured and the appellant is invalid and a verdict must be directed and judgment entered for the appellees.

Accordingly, the judgment of the court below is reversed and the cause is remanded, with directions to proceed in conformity with this opinion.