## TRINITY UNIVERSAL INS. CO. v. WOODY et al.

No. 1727.

District Court, D. New Jersey.

July 29, 1942.

McCarter, English & Egner, of Newark, N. J. (Nicholas Conover English, of Newark, N. J., of counsel), for plaintiff.

Silver & Silver, of Newark, N. J. (David Silver, of Newark, N. J., of counsel), for defendants David G. Woody and Irma Madden Woody.

Thomas J. Markey, of Bloomfield, N. J., for defendant Irma Welch.

SMITH, District Judge.

This is a suit under the Declaratory Judgment Act, 28 U.S.C.A. § 400. The plaintiff, Trinity Universal Insurance Company, the insurer, seeks a judgment declaratory of the rights and liabilities of the respective parties under a policy of insurance issued to the defendant David G. Woody, the insured. The policy is a conventional liability policy in which the said insurer agreed, among other things, to indemnify the said insured for any sums which the latter might be required to pay to others for personal injury or property damage caused by accident and arising out of ownership, maintenance, or use of certain specified automobiles. The jurisdiction of the court is founded upon diversity of citizenship.

The case is before the court at this time on a motion for summary judgment filed by the plaintiff pursuant to Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following 723c, and is submitted on the pleadings, affidavit, and documentary evidence. The ultimate facts essential to a determination of the questions presented are not controverted; their legal consequences, however, are disputed. There are no genuine issues as to any of the material facts, and the case, therefore, is one in which the rule is properly invoked. Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809; Board of Public Instruction, etc., v. Meredith et al., 5 Cir., 119 F.2d 712; Habel v. Travelers Ins. Co. of Hartford, 5 Cir., 117 F.2d 337; C. T. ·C. Inv. Co. v. London & Lancashire Indemnity Co., 7 Cir., 116 F.2d 741; American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732.

The determination of the questions presented requires a construction of the policy of insurance, and particularly those clauses thereof to which reference is hereinafter made. It would appear from the pleadings, and it is not disputed, that the contract was consummated in the State of New Jersey; therefore, the laws of this State are determinative of the rights and liabilities of the parties thereunder in the

absence of an express agreement to the contrary.

The plaintiff, on July 17, 1940, issued to the defendant, David G. Woody, the named insured, a policy of insurance which purportedly covered the automobiles therein specified, represented as the property of the said named insured; among the automobiles thus included by specification, but not otherwise, was the automobile of the defendant Irma Madden Woody. The said automobile, on December 29, 1941, while being driven by the defendant Benjamin F. Jones, and without the permission of the said named insured, collided with the automobile of the defendant William H. Murray. The defendant Irma Welch, having suffered personal injury in the collision, instituted an action for damages against the defendants Irma Madden Woody and Benjamin F. Jones;[1] this action has not proceeded to judgment.

■ The defendant David G. Woody, when he accepted the policy of insurance with full knowledge of its contents, and this he is presumed to have done, adopted as his own the declarations therein incorporated, among which was the following: "Item 8. The named insured is the sole owner of the automobile as herein stated —No Exceptions."

The said declaration was a warranty of ownership, the breach of which constituted a breach of contract and invalidated the policy. Ambrose v. Indemnity Ins. Co. of North America, 124 N.J.L. 438, 12 A.2d 693; Hudson Casualty Ins. Co. v. Garfinkel, 111 N.J.Eq. 70, 161 A. 195, and other cases hereinafter cited; Cf. United States Casualty Company v. Timmerman, 118 N.J.Eq. 563, 180 A. 629.

■■ The defendant David G. Woody, by way of defense, avers that the plaintiff is estopped from denying liability under the policy; the said defendant urges, in support of this averment, that the duly authorized agent of the plaintiff had full knowledge, at the time the policy was issued, that the automobile was the property of the defendant Irma Madden Woody. The averment, although denied, may be accepted as true for the purposes of discussion. The knowledge of the agent, under the facts and circumstances of the instant case, was neither imputable to, nor binding upon, the plaintiff. Ambrose v. Indemnity Ins. Co. of North America, Hudson Casualty Ins. Co. v. Garfinkel, both supra; Shyowitz et al. v. Union Indemnity Co., 104 N.J.L. 339, 140 A. 448. The policy was notice to the said defendant of all of its terms and conditions, including the restriction on the authority of the agent, embodied in the following provision:

"No notice to any agent or knowledge possessed by any agent or by any other person, shall be held in effect a waiver or change in any part of this policy nor estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed except by indorsement issued to form a part hereof, signed by the President and Secretary; provided, however, that changes may be made in the written portion of the declarations by indorsement, issued to form a part hereof, signed by an authorized agent."

The said defendant, in the absence of fraud, must be presumed to have accepted the contract of insurance as tendered, and, by his acceptance, to have agreed to the terms and conditions therein incorporated. Ibid.

■■ It is conceded by the defendants David G. Woody and Irma Madden Woody that at the time of the collision the automobile was being operated by the defendant Benjamin F. Jones without the permission of the "named insured." This fact alone would preclude the maturity of liability under the policy; the right of indemnification extends only to the "named insured" who is therein defined as follows:

"The unqualified word 'insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, *and provided further the actual use is with the permission of the named insured.*"

---

[1] It is alleged in the complaint that the other defendants, to wit, Sargent Bailey, Alfred T. Bailey, Harriet Edmunds, Alfred Neves Olivers and Samuel Borodkin, have asserted claims for personal injury and property damage. The said defendants, however, having failed to file answers or other responsive pleadings, are in default.

330

The meaning of the term is not open to question; it is apparent that it refers only to the person to whom the policy was issued, the defendant David G. Woody, and those in privity with him. It necessarily follows that the right of indemnification cannot be extended by implication or otherwise to either the defendant Irma Madden Woody or to the defendant Benjamin F. Jones, contrary to the express provisions of the policy. Cronan v. Travelers Indemnity Co., 126 N.J.L. 56, 18 A.2d 13; Alexander et al. v. Standard Acc. Ins. Co., 124 N.J.L. 336, 12 A.2d 233.

The rights of the defendant Irma Welch under the policy of insurance are derivative, and are, therefore, no greater than those of the named insured; her right to recover against the plaintiff is necessarily dependent upon the right of either the defendant David G. Woody or the defendant Irma Madden Woody to recover. Ambrose v. Indemnity Ins. Co. of North America, supra; Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373, 199 A. 606; Neilson v. American Mutual Liability Ins. Co., 111 N.J.L. 345, 168 A. 436. It necessarily follows that in the absence of liability to either of the latter defendants there is no liability to the former.

The defendant Irma Welch contends that the court is without jurisdiction because the amount in controversy does not exceed $3,000. The contention is untenable. The value of the liability of which the plaintiff seeks to be relieved is determinative of the jurisdictional amount. Maryland Casualty Co. v. United Corporation of Massachusetts et al., 1 Cir., 111 F. 2d 443; United States Fidelity & Guaranty Co. v. Pierson et al., 8 Cir., 97 F.2d 560; Travelers Ins. Co. et al. v. Young, D.C., 18 F.Supp. 450; Commercial Casualty Ins. Co. v. Humphrey et al., D.C., 13 F.Supp. 174. The asserted claim of the said defendant, in the amount of $25,000, is clearly indicative that the possible liability of the plaintiff exceeds the jurisdictional amount required under the statute.

It is the further contention of the defendant Irma Welch that this suit is prematurely brought; it is urged in support of this contention that the action for damages hereinabove referred to has not proceeded to judgment. This contention is likewise untenable. Maryland Casualty Co. v. Pacific Coal & Oil Co. et al., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826.

The defenses of waiver and estoppel interposed on behalf of all of the above-named defendants are frivolous for the reasons heretofore expressed in this memorandum. The said defenses, therefore, must be stricken.

The defendants David G. Woody and Irma Madden Woody, without asserting any grounds for relief, pray that the policy of insurance be reformed so as to include the defendant Irma Madden Woody as a "named insured." This relief, in the absence of allegations of either fraud or mistake, is not available. It should be noted that in the case of Hudson Casualty Ins. Co. v. Garfinkel, supra, in which the facts were similar, reformation was denied.

A judgment in favor of the plaintiff and against the defendants shall be entered and an order for judgment shall be prepared and submitted forthwith by the prevailing party.