Complainant's bill is brought for the cancellation of an insurance policy issued by it to the defendant company dated May 18th, 1945, for the period from May 19th of that year to May 19th, 1946. The policy covered an automobile of the defendant and contained among other "Declarations" upon which the company relied in issuing the policy Item 7 which reads: "During the past year no insurer has canceled any automobile insurance issued to the named insured, except as herein stated: no exceptions."
On September 26th, 1945, complainant notified the defendant in writing that it canceled said policy effective October 1st, 1945, and delivered to the defendant its check for the unearned premium for the period subsequent to October 1st, 1945. This it did as appears from the testimony because it learned that Frank Zambrano an employee and driver of the defendant had negligently operated an automobile of the defendant causing death and serious injury.
After October 1st, 1945, upon further investigation complainant learned for the first time that an automobile liability insurance policy written in favor of the defendant by the Atlantic Casualty Insurance Company was canceled within one year immediately preceding the date of the issuance of the policy here in question, and thereupon on July 16th, 1946, it notified the defendant company that because it had omitted to disclose this fact, which fact affected the risk which the complainant assumed it elected to cancel the policy and declare it null and void from its inception and forwarded to the defendant check in full refund of all premium paid by it.
Charles Silberstein was the agent of the Citizens Casualty Insurance Company and was also the agent of the Atlantic Casualty Insurance Company and wrote both policies. The defendant contends that it made no representations whatever to complainant and that the agent had knowledge of the fact *Page 380 
when he issued the policy for complainant that the Atlantic Casualty Insurance Company had theretofore canceled its policy.
The policy provides that notice to an agent or knowledge possessed by him "shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; * * *" and that "By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."
It is claimed that the president of the company is unable to read or write English. The policy, however, was issued to the corporation and it was incumbent upon it to promptly examine the policy, and if it did not contain the stipulations agreed upon, to notify the insurer thereof and of its refusal to accept the policy. Retention of the policy from the time of issuance until the institution of this suit for cancellation is tantamount to approval of the statements in the application contained and annexed thereto, the legal consequences of which the defendant cannot be permitted to avoid. Pacific Mutual Life Insurance Co.
v. Rosenthal, 122 N.J. Eq. 155; 192 Atl. Rep. 742.
It is well established in this state that misrepresentation or concealment by an assured in the procurement of a policy of insurance if fraudulent and material to the risk, will void the policy obtained on the faith thereof. Pacific Mutual LifeInsurance Co. v. Rosenthal, supra; Hudson Casualty InsuranceCo. v. Garfinkel, 111 N.J. Eq. 70; 161 Atl. Rep. 195; U.S.Casualty Co. v. Melee, 123 N.J. Eq. 256; 197 Atl. Rep. 49.
Equity will grant relief by way of rescission of an insurance policy upon proof of reliance upon material representations untrue in fact, without proof of conscious or intentional fraud.Metropolitan Life Insurance Co. v. Lodzinski, 124 N.J. Eq. 357; 1 Atl. Rep. 2d 859.
Decree in favor of complainant. *Page 381