15 N.J. Super. 328 (1951)
83 A.2d 363
ATLANTIC CASUALTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
STANLEY BINGHAM, WILLIAM J. DONNELLY, JAMES CLARKIN AND MICHAEL ZUKOTYNSKI, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided September 11, 1951.
*329 Messrs. Harkavy and Lieb (Mr. Jerome S. Lieb appearing), attorneys for plaintiff.
Messrs. Furst, Furst & Feldman (Mr. David E. Feldman appearing), attorneys for defendant William J. Donnelly.
Mr. William Gelfond, attorney for defendant James Clarkin.
*330 STEIN, J.S.C.
On motion to strike complaint on the ground that same fails to state a cause of action against the defendants William J. Donnelly, James Clarkin and Michael Zukotynski.
Plaintiff seeks to cancel an insurance policy issued by it to the defendant Stanley Bingham, the owner and operator of an automobile which struck and damaged a taxicab owned by the defendant William J. Donnelly.
The plaintiff issued an automobile liability policy in the statutory form covering the said Stanley Bingham as the named assured for liability to third persons for bodily injury and for property damage. The policy is dated March 1, 1951, and the insurance period is from February 24, 1951, to February 24, 1952.
The collision in which the defendant Donnelly's taxicab was damaged by the defendant Stanley Bingham occurred March 18, 1951. Plaintiff seeks to cancel its policy alleging that the defendant Stanley Bingham, the named assured, had made various misrepresentations which would justify the cancellation of the policy ab initio, namely, that the named assured had been involved in an accident prior to the issuance of plaintiff's policy involving collision claims of approximately $500.
Paragraph 8 (p. 5) of the policy provides that the insurance shall "comply with the provisions of the Motor Vehicle Financial Responsibility Law of any state * * * which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period to the extent of the coverage and limits of liability required by such law, but in no event, in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."
It therefore appears upon the face of the complaint and the allegations of the plaintiff, which for the present *331 motion must be deemed to be true, that the Financial Responsibility Law, R.S. 39:6-1 et seq., is applicable.
Under the statute the liability of the insurance company is absolute, even though the named assured has been guilty of misrepresentation, or the breach of any condition or warranty, and the policy may not be cancelled as against a third party after the occurrence of an accident in which the third party has sustained loss and damage.
The Financial Responsibility Act, R.S. 39:6-1 et seq., provides that if a driver has been involved in an accident causing damage either to person or property of at least $25, the provisions of the Financial Responsibility Act become obligatory and the driver must carry liability insurance for bodily injury and property damage in the amounts fixed by the statute.
In the complaint filed the plaintiff alleges that the named assured had been involved in prior accidents involving approximately $500. Paragraph 8 of the conditions of the policy expressly makes the policy subject to the provisions of the Financial Responsibility Act of the State. The act becomes operative even though the Commissioner of Motor Vehicles has not called for proof of financial responsibility. It was so held in Steliga v. Metropolitan Casualty Ins. Co. of N.Y., 113 N.J.L. 101 (Sup. Ct. 1934), a case where the Commissioner had not requested that the policy be issued. The court there held: "The insured, being in the class requiring such proof, was not obliged to wait until the commissioner should act before complying with the terms of the act by establishing through insurance the proof of responsibility which the law required. It was likewise optional with the company to assume such liability, but if it did so it could not escape the responsibility thus undertaken." To the same effect is Ambrose v. Indemnity Insurance Co. of N.A., 120 N.J.L. 248 (E. & A. 1938).
In United States Casualty Co. v. Timmerman, 118 N.J. Eq. 563 (Ch. 1935), Vice-Chancellor Bigelow held that where a policy had been issued in conformity with the Financial *332 Responsibility Act, it cannot be cancelled as against the third person injured in an accident after the issuance of the policy despite the named assured's breach of a warranty or condition precedent. Said the vice-chancellor:
"* * * The policy, I find, insured Timmerman in conformity with the Financial Responsibility Act. Can such a policy be annulled because assured held his automobile under a conditional bill of sale?
The statute is a development of the legislative policy found in P.L. 1916, p. 283 (auto buses); P.L. 1926, p. 383 (taxis), and P.L. 1926, p. 421 (rented cars). Its purpose is to forbid the use of the roads to certain persons, unless they are able to respond in damages in case they cause injury to others. The beneficiaries of the statute and of the policy provisions required thereby, are the public  those who may be injured in motor accidents. The protection afforded by the policy to the assured is outside the purpose of the statute, as clearly appears from the clause giving to the company a right of action against assured in certain cases. Now a policy which is void ab initio because of a warranty or condition precedent, provides no protection to the public. Such conditions must fail. It will be noted that the statute authorizes inclusion in the policy of `agreements, provisions or stipulations not contrary to the provisions of this act,' but does not mention in that connection warranties or conditions, while it does permit conditions binding only as between insurer and assured by authorizing a provision that assured shall reimburse the company for payments involving a breach of the terms, provisions or conditions of the policy.
The situation presented by a financial responsibility policy is much like that created by a fire policy with standard mortgagee clause attached. The insurer's liability to the assured is distinct from its liability to an injured third person. The rights of the latter against the insurer spring from the statute as well as from the policy, just as the rights of the mortgagee are determined by the mortgagee clause. The fire policy remains valid as to the mortgagee, despite a breach of warranty by the assured owner. Reed v. Firemen's Insurance Co., 81 N.J.L. 523. Likewise, complainant's policy remains valid as to Godlewska. The company's remedy is an action on the policy against Timmerman."
See, also, Ambrose v. Indemnity Insurance Co. of N.A., supra; Citizens Casualty Co. v. Zambrano Trucking Co., Inc., 140 N.J. Eq. 378 (Ch. 1947), affirmed 141 N.J. Eq. 310 (E. & A. 1948).
The motion is granted.