ALLIANCE ASSURANCE CO., LTD., Plaintiff

v.

NATHANIEL HOBSON, JOHN H. LYNCH and MAURICE WILLIAMS, Defendants

v.

GLORIA ESTEPHANE, Individually and as Mother and Next Friend of ELIZABETH ESTEPHANE, Intervenor

Civil No. 80/289

District Court of the Virgin Islands

Div. of St. Croix

March 9, 1983

R<span style="font-variant:small-caps">ICHARD</span> H. H<span style="font-variant:small-caps">UNTER</span>, E<span style="font-variant:small-caps">SQ</span>., Christiansted, St. Croix, V.I., *for plaintiff*

E<span style="font-variant:small-caps">DWARD</span> H<span style="font-variant:small-caps">ASKINS</span> J<span style="font-variant:small-caps">ACOBS</span>, E<span style="font-variant:small-caps">SQ</span>., Christiansted, St. Croix, V.I., *for defendant Williams*

GREGORY E. MILLER, ESQ., Christiansted, St. Croix, V.I., *for inter-venors*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The question presented in this case is whether an insurer in the Virgin Islands, who issues an automobile policy under the provisions of our Compulsory Automobile Liability Insurance Law (20 V.I.C. § 701 et seq.), may avoid coverage by reason of the lack of cooperation of an insured. For the reasons stated herein, the Court finds that the insurer may not raise the issue of noncooperation of an insured to obviate coverage in favor of third persons.

## I. FACTS

The Defendant John H. Lynch ("Lynch") was operating a taxi van on March 19, 1979, when it came into contact with Elizabeth Estephane, a minor. The vehicle was insured under a policy issued to the Defendant Maurice Williams ("Williams"). After the injured person, through her mother as next friend, brought a separate action for personal injuries, the plaintiff Alliance Assurance Company, Ltd. ("Alliance") brought this declaratory judgment action seeking to have Lynch and Williams declared not to be covered by the policy.

On October 26, 1982, a trial was held before the Court, and after making the appropriate findings of fact, the Court held that both Lynch and Williams were entitled to coverage under the terms of the policy in force at the time of the accident. The Court left open the question, however, of whether coverage could be denied to Lynch because of his lack of cooperation with Alliance in the defense of the case brought against Lynch for personal injuries. The parties were invited to brief that issue before a determination was made.

## II. DISCUSSION

This is the first time we have been called on to determine the issue of coverage in the face of noncooperation of an insured under a policy issued in compliance with our compulsory automobile insurance statute. However, the subject has been extensively covered in litigation in other jurisdictions and it has been widely held that the insurance carrier cannot raise the defense of noncooperation in such circumstances. We adopt that view.

■ The reasoning for this has been stated clearly in a case frequently cited. In Royal Indemnity Co. v. Olmstead, 193 F.2d 451, 453 (9th Cir. 1951), it was stated:

As a general rule, unless a policy can be construed as creating an independent right of action in the injured party, his right to recover, being derivative, normally is subject to any defense the company may have against the insured . . . . An exception to the general rule has been made in situations where the insurance policy was issued to satisfy the requirements of a statute having as its purpose the protection of the public. Under such circumstances, the beneficial purpose of compulsory insurance would be thwarted in the event the insurer be permitted technical defenses under the policy relating to conditions wholly outside the ability of the injured person to seek performance of.

Id.

This view holds wide support in other jurisdictions. See 31 A.L.R.2d 635. Also Evans v. American Home Assurance Co., 166 S.E.2d 811 (S.C. 1969) and Merchants Indemnity Corporation v. Peterson, 113 F.2d 4 (3d Cir. 1940).

There is no question that 20 V.I.C. § 701 et seq. § 703 states in part that the policy issued under the law shall insure the person named therein and any other person, as an insured, using any such vehicle or vehicles with the express or implied permission of such named insured, "against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles in the Virgin Islands. . . ."

■ Elizabeth Estephane was a person who claims injuries in an automobile accident. It was for her protection that the statute was enacted. The public policy inherent in compulsory automobile insurance prevents the insurance carrier from raising the technical defense of noncooperation.

By this holding, the Court makes no specific finding whether the coverage afforded applies to a monetary level in excess of the minimum requirements of § 703. The policy in question in this case was written for the minimum levels of coverage. We note, however, that 20 V.I.C. § 704(d) may well operate to limit coverage in noncooperation situations to the minimum levels required by law, since such coverage in excess of the legal requirements is not "subject to the provisions of this chapter."

## CONCLUSION

Alliance may not decline coverage to Lynch by reason of any claim of noncooperation by Lynch in the defense of the personal injury action brought against Lynch by Estephane.

## JUDGMENT

THIS MATTER is before the Court to determine whether the noncooperation of Defendant Lynch entitles the plaintiff to deny him coverage under an automobile insurance policy issued pursuant to 20 V.I.C. § 701 et seq. The Court previously found, after trial, that Defendants Lynch and Williams were entitled to coverage under the policy in question. The Court reserved, however, a decision on the issue of whether Lynch would be so entitled in the face of his noncooperation with the plaintiff in the defense of a personal injury action arising out of an accident which occurred when Lynch was operating the insured vehicle. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT the plaintiff shall provide insurance coverage to the Defendant Lynch notwithstanding a claim of lack of cooperation on the part of Lynch in the defense of a personal injury action arising out of an accident which occurred while Lynch was operating the insured vehicle.