### ULEN v. AMERICAN AIRLINES, Inc.

#### (two cases).

### RICCI v. SAME.

#### Civil Actions Nos. 32459–32461.

District Court of the United States for the District of Columbia.

July 14, 1947.

H. Mason Welch, of Welch, Daily & Welch, all of Washington, D. C., for plaintiffs.

Richard W. Galiher, of Washington, D. C., for defendant.

MORRIS, Justice.

The complaints in Civil Action Nos. 32459 and 32460 show that the plaintiffs were passengers for hire on an airplane owned and operated by the defendant corporation. They claim that, because of the negligent operation of said airplane, it was caused to crash into the side of a certain mountain in the State of Virginia, near the town of Rural Retreat. These plaintiffs received serious injuries, for which they seek to recover damages. The plaintiff in Civil Action No. 32461 is the husband of the plaintiff in Civil Action No. 32459 and seeks to recover damages for loss of consortium as a result of the injuries received by his wife. The answer of the defendant denies that any injuries received by the plaintiffs in the first two cases, or by the plaintiff's wife in the last case, were the re-

sult of any negligence on its part. Numerous interrogatories were propounded by the plaintiffs, which, with the answers thereto and documents attached to said answers, by stipulation, are to be considered as having been filed in each case. Thereupon there were motions for summary judgment in favor of the plaintiffs and against the defendant, except as to the amount of damages, on the ground that there is no genuine issue as to any material fact. These motions were opposed by the defendant; a hearing was had thereon; and subsequent thereto memoranda on behalf of the parties have been submitted.

It is the position of the plaintiffs that the answers to the interrogatories reveal that the flight on which the defendant's airplane here involved was engaged was planned and executed at an altitude greatly below the minimum altitude permitted by the safety regulations established by the Civil Aeronautics Administration, and also contrary to regulations of the defendant company; that the flight was planned and executed for an altitude of 4000 feet and crashed into the side of a mountain at an estimated point 3910 feet above sea level; that Regulation 61.7401 provides:

"No scheduled air carrier aircraft shall be flown at an altitude of less than 1000 feet above the highest obstacle located within a horizontal distance of 5 miles from the center of the course intended to be flown, except during take-offs and landings or when operating in accordance with specific procedures for definite localities approved by the Administrator."

It is further shown that the mountain into which the plane crashed is about two miles from the center of the course, and is approximately 4000 feet high. Therefore, under this regulation, it is insisted that the plane should not have been flown at an altitude less than 5000 feet. It is further insisted that the weather conditions were shown to be such that contact flying should not have been planned or executed under existing regulations, and that instrument flying, which in these circumstances should have been planned and executed, required an altitude of not less than 6500 feet; that all of the obstacles on the course the flight was to be flown were

known to the pilot of the plane and the dispatcher of the defendant company who approved the flight plans; that, even in the absence of the regulations, this action was gross negligence.

The position of the defendant is that, having denied the allegations of negligence and having demanded a jury trial, there is a genuine issue of fact which should be tried by a jury, and therefore summary judgment should not be entered. The defendant further insists that written interrogatories and the answers thereto are not intended by Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to be the basis for a summary judgment. A further contention is that the plaintiffs in their complaints, interrogatories and answers thereto, and motions based thereon have not "definitely and beyond all doubt shown just how the accident occurred." Defendant, having made a motion for leave to file an amended answer setting forth the defenses of "(1) Act of God, (2) unavoidable accident caused by weather conditions, (3) inevitable and unavoidable accident, and (4) that the accident resulted from a peril of aircraft assumed by the plaintiffs," insists that it should be permitted to file such amended answer, and should have the right to a determination by a jury of the issues raised by said answer. It is also urged by defendant that, while the answers to the interrogatories reveal that the airplane was flying at an altitude of 4000 feet at 2:05 a. m., it is not a proper inference that it was flying at an altitude of 4000 feet at the time of the accident, approximately 2:25 a. m., particularly in view of the fact that the crash occurred at an altitude of 3910 feet. The point here made by the defendant, as I understand it, is that obviously there was a loss of altitude of at least ninety feet, and that the data relied on by the plaintiffs does not reveal the cause of such loss of altitude, and that the defendant should be permitted to prove such "heretofore unrevealed facts at the jury trial herein." The defendant further insists that whether or not the pilot should have been flying "contact" or "on instruments" is a question which is properly for jury determination. The defendant also insists that, if the planning

and execution of the flight at an altitude of 4000 feet was negligence, as claimed by the plaintiffs, such negligence was not the proximate cause of the injuries to the plaintiffs, because, if the flight had been executed at that altitude, it would have cleared the mountain; and, in this connection, it is also insisted by defendant that, if the defendant was guilty of violating the Civil Aeronautics Rules by dispatching the flight on contact flight rules rather than on instrument rules, it is nowhere shown that such violation was the proximate cause of the injuries complained of. The defendant further insists that the answers to the interrogatories relied upon by plaintiffs should be construed in the light most favorable to the defendant, and, when so construed, "many debatable questions of fact are revealed," on which defendant is entitled to a jury determination. With respect to the cases in which Mrs. Violet Ulen and Francis Graeme Ulen are plaintiffs, it is contended that the claims of such plaintiffs are subject to the Warsaw Convention, Oct. 12, 1929, 49 Stat. 3000, convention for the unification of certain rules relating to international transportation by air, U. S. Treaty Series No. 876, which provides in Article 20:

"(1) The carrier shall not be liable if he proves that he and his agents have taken all necessary measures to avoid the damage or that it was impossible for him or them to take such measures.

"(2) In the transportation of goods and baggage the carrier shall not be liable if he proves that the damage was occasioned by an error in piloting, in the handling of the aircraft, or in navigation and that, in all other respects, he and his agents have taken all necessary measures to avoid the damage."

and that the Convention in Article 22 fixes the amounts of liabilities of air carriers and requires proof of "wilful misconduct" before a recovery of more than $8291.87 can be allowed. It is the position of the defendant that Mrs. Violet Ulen was on a flight from the United States to Mexico, thus making the Convention applicable to her and to Francis Graeme Ulen, her husband, who claims damages because of her injuries. The defendant urges that "it does not seem within the intent of the Warsaw Convention that an air carrier can be shut off from its defensive rights under Article 20, as quoted above," and further that "the Federal Rules of Civil Procedure were not intended to wipe out treaty rights and defenses such as those created by the above quoted Convention, and substitute written interrogatories in their stead." And finally, the defendant insists that cases involving automobile accidents are not applicable to the operation of airplanes.

█ The summary judgment procedure prescribed in Rule 56 of the Federal Rules of Civil Procedure (the material part of which is quoted in the margin [1]) is a procedural device for promptly disposing of actions in which there is no genuine issue as to any material fact. In many cases there is no genuine issue of fact, although such an issue is raised by the formal pleadings. The very object of the motion for summary judgment is to separate what is formal, or pretended, in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial. To obtain this end, the rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions and admissions of file show that there are no genuine issues of fact to be tried. The court is authorized to examine evidence, not for the purpose of trying an issue, but to determine whether there is a genuine issue of fact proper for trial. [2]

█ I cannot agree with defendant's contention that answers to interrogatories may not serve as "admissions on file" for the purposes of a motion for summary judgment. The case relied upon by de-

---

[1] "Rule 56. Summary Judgment. * * *
"(c) Motion and Proceedings Thereon.
* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, ex-cept as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

[2] 3 Moore's Federal Practice 3174, and cases cited.

fendant[3] shows that the interrogatories rejected as the basis for a summary judgment were propounded to officers of two of the defendants without notice or opportunity of either of said defendants "to cross the interrogatories asked the other." In a subsequent decision[4] the same court stated interrogatories and admissions could be considered on a motion for summary judgment under Rule 56. A further distinguished authority, who actively participated in the preparation of the Federal Rules of Civil Procedure, now a justice of this Court, expressly includes "answers to interrogatories" as a method to determine whether there is or is not a genuine issue as to any material fact upon a motion for summary judgment.[5]

■ The answers to the interrogatories clearly show that the flight was planned and executed at an altitude far below that which, in the circumstances, was required by the safety regulations of the competent authority to prescribe them. Without any explanation or justification, and none has been given, there can be no doubt that such action constitutes negligence. With the facts shown by such answers and admissions before the Court, and without more, the only inference which reasonable minds could make would be that the negligence of the defendant was the proximate cause of the injuries complained of. With such facts and no more before the Court, no other course could be taken at a trial before a jury than the direction of a verdict in favor of the plaintiffs. The decision of the Court now, as then, is not a decision on the issues of fact, but a decision that there is no genuine issue of fact to be tried by a jury.[6]

■ I cannot agree with defendant that this conclusion should not be reached because the admissions before the Court do not "definitely and beyond all doubt show just how the accident occurred," nor by the unexplained circumstance that the crash occurred ninety feet below the 4000 feet altitude; nor do I agree with defendant's contention that any construction of the answers to the interrogatories relied upon would reveal such debatable questions of fact from which a genuine issue of fact would arise for determination by a jury. Except as it may affect the amount of damages, I see nothing in the provisions of the Warsaw Convention relied upon which would justify any different conclusion from that which has been stated. Surely that treaty was not intended to fix the procedures by which a competent court could, under its recognized rules, determine whether or not there were genuine questions of fact to be tried by a jury.

■ If, therefore, there were nothing else in the case to be considered, summary judgment should now be entered in favor of the plaintiffs and against the defendant. There are circumstances, however, which lead me to the conclusion that such action should not be taken in the present posture of the case. Counsel for the defendant has but recently come into the case by reason of the death of former counsel. He has filed a motion for, and at the hearing on the motion under consideration asked, leave to file an amended answer setting up further defenses. The filing of such answer as is described in his motion would not, without more, suffice to defeat the motion for summary judgment. General allegations are no more effective against such motion than' general denials. What is here required on the part of the defendant is such showing of proof, either in justification of the action of the defendant and its agents shown by the answers to the interrogatories, or as would justify reasonable minds in making the inference that the defendant's negligence was not the proximate cause of the injuries complained of. That this could be done under the defenses indicated in the motion for leave to file an amended answer is a question which I think should not be passed upon in the circumstances to which I have alluded.

[3] Town of River Junction v. Maryland Casualty Co., 5 Cir., 1940, 110 F.2d 278, 134 A.L.R. 727.

[4] Kohler, et al. v. Jacobs, et al., 5 Cir., 1943, 138 F.2d 440.

[5] Holtzoff, New Federal Procedure and the Courts, pp. 141–142.
[6] Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809; Miller v. Miller, 74 App. D.C. 216, 122 F.2d 209; Williams v. Kolb, 79 U.S.App.D.C. 253, 145 F.2d 344.

Leave will, therefore, be granted to file an amended answer, setting forth such defenses as have been indicated, but the granting of this leave is not intended to indicate that the mere designation by conventional terms of the nature of the defenses would constitute a sufficient amended answer. The requirement here is that the defendant show, by appropriate pleadings *and* depositions and admissions on file, together with affidavits, if any, that there is a genuine issue as to any material fact, except as to the amount of damages. An order will be submitted by counsel fixing the time allowed for this purpose.

Decision on the present motion for summary judgment is continued for further hearing after the filing of the amended answer and offer of proof submitted by defendant in opposition to the motion.

Leave will be granted to plaintiffs to amend such motion, if desired, upon usual notice to defendant.

Orders to this effect will be submitted by counsel.