## MICHEL v. MEIER et al.

### Civ. A. No. 6869.

United States District Court
W. D. Pennsylvania.

Nov. 4, 1948.

Austin L. Staley, of Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., and Buchanan and Barrickman, of Beaver, Pa., for plaintiff.

John D. Ray, of Reed, Ewing & Ray of Beaver, Pa., for defendants.

GOURLEY, District Judge.

The questions before the Court for consideration arise out of various motions filed by plaintiff and defendants under the Federal Rules of Civil Procedure, 28 U. S.C.A.:

I. Motion of William A. Meier Glass Company to enter judgment in behalf of said defendant against the plaintiff. Rule 56(b) and Rule 12(c) of the Federal Rules of Civil Procedure.

II. Motion of Rochester Glass Corporation to enter judgment in behalf of said defendant against the plaintiff. Rule 56(b) and Rule 12(c) of the Federal Rules of Civil Procedure.

III. Motion of plaintiff for the entry of partial judgment against William A. Meier, defendant. Rule 56(d) of the Federal Rules of Civil Procedure.

IV. Motion of defendant William A. Meier to terminate or limit his oral examination relative to depositions. Rule 30(d) of the Federal Rules of Civil Procedure.

V. Motion of plaintiff directed to William A. Meier, Rochester Glass Corporation, and William A. Meier Glass Corporation, defendants, to produce for the inspection of plaintiff, his attorneys, or certified public accountant, the books, papers, documents, etc., relating to the conduct of the business of said companies. Also the records, etc., of Beaver Valley Glass Company and Michel-Meier Glass Company. Rule 34 of the Federal Rules of Civil Procedure.

VI. Motion of plaintiff for issuance of an order for subpoena duces tecum with regard to certain witnesses and for the production of certain documents: Rule 45(b) of the Federal Rules of Civil Procedure.

(a) Charles R. Eckert to produce all records, etc., relating to Anton Michel, William A. Meier, Michel-Meier Glass Company, Rochester Glass Corporation, William A. Meier Glass Company, William A. Meier Glass Company, a corporation, from January 1, 1941 to date.

(b) Adley Hemphill to produce all records, etc., relating to William A. Meier, Anton Michel, Michel-Meier Glass Company, Rochester Glass Corporation, William A. Meier Glass Company, William A. Meier Glass Company, a corporation, and Beaver Valley Glass Company, a corporation, from January 1941 to date.

(c) William A. Meier to produce all records, etc., which he has recently loaned or delivered into the possession of his counsel, which relate to this proceeding or the parties to this action.

Since reference must be made to various persons and companies in the adjudication of the questions which exist, abbreviations of names will be used in the following manner:

Anton Michel — "Michel"

William A. Meier — "Meier"

Rochester Glass Corporation, a corporation — "Rochester"

William A. Meier Glass Company — "William"

Beaver Valley Glass Company — "Beaver"

Michel-Meier Glass Company — "Glass"

William A. Meier Glass Company, a corporation,—"Company"

In order to intelligently pass upon the questions, it is necessary to make reference generally to the facts which give rise to the cause of action.

From on or about January 1, 1942 until a date not presently determinable, "Michel" and "Meier" were associated in the business of decorating, cutting, etching and engraving of glass and glassware of various kinds and descriptions. A written partnership agreement was entered into between the parties on February 24, 1942. No previous written agreement had been executed although the plaintiff and defendant had been engaged in a partnership for over ten years. Prior to February 24, 1942, said partnership was known as "Glass". Each partner was to have a one-half interest; "Michel" being the general manager of the business, as the same relates to the manufacture of the products, and "Meier" being the manager as to office matters and sales. The agreement set forth in detail the various duties and responsibilities of the partners. On April 25, 1944, a subsequent agreement was executed wherein and whereby "Michel" conveyed to "Meier" all his right, title and interest in the real estate owned by the partnership together with all the physical assets of the partnership. The terms and provisions of the previous partnership agreement were modified as they related to the interest which "Michel" was to have in the partnership, the rights and privileges which the surviving partner would have in the event of the decease of the other partner, and the amount of compensation the partners were to receive whether they were active or inactive. Although the supplemental agreement set forth the consideration which was paid by "Meier" to "Michel" for the assignment of all his interest in the real estate and physical assets of the business, it also contained a provision that "Meier" was to retain the title and possession of all the property owned by "Glass", whether real, personal or mixed, and that no sale or disposition was to be made of the same during the term of said supplemental agreement without the written consent of "Michel."

The plaintiff contends:—

(1) That "Meier" has not complied with the terms and provisions of the supplemental agreement and has not made a full, complete and accurate accounting to the plaintiff for the profits realized from said business.

(2) That "Meier" has breached his trust to the plaintiff in that "Meier" fraudulently transferred certain assets of "Glass" to "Rochester" and "Company".

(3) That "Meier" being an officer of each of said companies used said means to dispose of the property to the prejudice and financial loss of "Michel."

Defendants "Rochester" and "William" deny liability to the plaintiff.

Defendant Meier denies liability to plaintiff on the basis of the partnership agreements. Liability is admitted to plaintiff in the amount of $20,000.00 on the basis of an oral agreement made by plaintiff and defendant Meier in January of 1946. The plaintiff denies said oral agreement.

The plaintiff demands judgment as follows:

(a) An accounting against "Meier," "William" and "Rochester."

(b) That a decree be entered against "William" and "Rochester" declaring them to be trustees of the assets transferred to them.

(c) That judgment be entered in favor of "Michel" and against "Meier" for all

monies due arising out of their partnership relation.

(d) That "Meier," "William" and "Rochester" be directed to pay "Michel" his share of the profits for the years 1944, 1945, 1946 and 1947.

(e) That general relief be given against "Meier," "William" and "Rochester."

In passing upon the various motions, the Court has considered all the pleadings and read with considerable care all depositions which have been taken by the parties to this action.

█ The motion of "William" and "Rochester", hereinbefore referred to as Questions I and II, for the entry of judgment in their favor against "Michel" can be considered as properly filed either under Rule 12(c) or 56(b) of the Federal Rules of Civil Procedure.

The basis of said motion as contended by said defendants is:

(1) That by virtue of an agreement executed on April 25, 1944, between the plaintiff and defendant, all of the real estate and physical assets of the partnership, which formerly existed between the parties, were conveyed without limitation to "Meier." That since title to the assets was vested in "Meier," he was free thereafter to convey said assets to defendants "William" and "Rochester". That "Michel's" basis for recovery against "William" and "Rochester" is based on transfers of real estate and physical assets which were conveyed by "Meier" on or about July 26, 1947 to "William" and "Rochester."

(2) That at a deposition hearing held on July 28, 1948, "Michel" testified that he is asking to recover only the profits of "Glass" and "Company" for the years 1944 and 1945. Neither "William" nor "Rochester" was in existence before July 1, 1946.

(3) That on the basis of an affidavit filed by counsel for all the defendants, the plaintiff fully and completely understood the terms and provisions of the written agreement executed with "Meier," which relates to the transfer of the real estate and physical assets of "Glass" to "Meier." That no claim exists in favor of plaintiff except in an accounting for one-half of the profits of the operation of "Glass" for the years 1944 and 1945.

"Michel" sets forth in his complaint the existence of confidential relationship with "Meier." That the transfer of the real estate and physical assets to "William" and "Rochester" by "Meier" was made with full and actual knowledge of the written agreement and understanding executed by "Meier" with "Michel." That "Meier" is one of the officers of "William" and "Rochester," and that his actions in transferring said assets was the perpetration of a fraud on "Michel" and in direct violation of their written agreement.

The agreement, identified as "Exhibit 'b' "· attached to the complaint, sets forth the terms and conditions under which the real estate and physical assets of "Glass" were transferred to "Meier." Said agreement sets forth that all the terms and conditions of the original partnership agreement were to remain in effect with the exception of Paragraphs 3, 9 and 10, which is identified as "Exhibit 'b' " and attached to the complaint.

The supplemental agreement, which modifies the original partnership understanding and which relates to the transfer of the real estate and physical assets of "Glass," specifically sets forth that "Meier" shall retain the title and possession of all the property, whether real, personal or mixed, and shall not sell or dispose of the same · during the life of said agreement without the written consent of "Michel."

Defendant "Rochester" previously filed a motion under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the plaintiff's action. Subsequently thereto defendant "Rochester" was granted leave of Court to withdraw said motion to dismiss and was directed to file its answer.

█ A defendant who moves to dismiss a complaint for insufficiency, specifying the ground therefor after his motion is denied, cannot move for summary judgment on the same grounds since the decision on the first motion would be the law of the case and he would be estopped from raising the same question again. The ground of the motion to dismiss is that the complaint fails to state facts on which

relief can be had, and the ground for summary judgment is that there is no genuine issue as to material facts, and what will justify the granting of one motion will generally justify the granting of the other. Munson Line, Inc., v. Green et al., D.C., 6 F.R.D. 470.

Since the motion previously filed was not adjudicated, the Court believes it proper to pass upon the question now raised.

It is well settled that in all motions to dismiss and in motions for summary judgment, affidavits filed in their support may be considered for the purpose of ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue. An affidavit cannot be treated as proof contradictory to well pleaded facts in the complaint. Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 169 F.2d 580; Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239.

It is not material whether the pleading is called a motion to dismiss or one for summary judgment; since the same relief is sought, the difference in name is unimportant. Central Mexico Light and Power Co. v. Munch et al., 2 Cir., 116 F.2d 85; Munson Line, Inc. v. Green et al., supra.

Allegations set forth in the complaint and amended complaint premise the right of the plaintiff to recover against "Rochester" and "William" on a breach of trust, perpetrated by "Meier" upon "Michel." Although testimony offered by "Michel" in his deposition appears to create inconsistency with the allegations in the complaint, it will only be possible to adjudicate "Michel's" right to recover against "William" or "Rochester" after a full and complete hearing, and consideration being given to all of the testimony which is presented by either the plaintiff or the defendants.

It is necessary that the Court view the allegations in the complaint in a light most favorable to the plaintiff and the truth of all facts well pleaded. Judgment should not be entered in favor of the defendants unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how lightly it may seem that plaintiff will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try and prove. Frederick Hart and Co. v. Rocordgraph Corporation, supra; Peckham v. Ronrico Corporation, D.C., 7 F.R.D. 324; Norton v. Schotmeyer, D.C., 72 F.Supp. 188; Ulen v. American Airlines, D.C., 7 F.R.D. 371.

It is also the duty of the court to exercise extreme care in deciding whether a real issue of fact exists. De Savitsch v. Patterson, 81 U.S.App.D.C. 358, 159 F. 2d 15.

At the present status of the proceeding it would be improper for the Court to pass with finality upon the motion for the entry of judgment in favor of "William" and "Rochester." The motion to enter judgment in behalf of the defendants, "William" and "Rochester" is, therefore, refused.

"Michel" contends summary judgment should be entered against "Meier" for the amount of $20,000.00 in that:[1]

(a) The answer of "Meier" admits liability to "Michel" in the amount of $20,000.00.

(b) On the basis of testimony taken through depositions, even if liability is not unequivocally set forth in the answer of "Meier," it is admitted that under "Michel's" theory of recovery the profits to which he is entitled would be in excess of $20,000.00.

Defendant Meier contends summary judgment should not be entered in favor of "Michel," in that:

(a) The admission of liability in the answer, in the amount of $20,000.00, is premised on the assumption that the oral agreement of January 3, 1946 is admitted by "Michel." This is denied by "Michel."

(b) If "Michel's" basis for recovery is sustained, there would not be an amount in excess of $20,000.00 due by "Meier" to

[1] Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

"Michel," but on the contrary the amount would be approximately $9,000.00.

If the facts as contended by "Meier" are found to be true, judgment should be entered in favor of "Michel" and against "Meier" in the amount of $20,000.00. However, if the facts as contended by the plaintiff are found to be true, judgment might be justified in an amount less than $20,000.00 or more than $20,000.00.

The principles of law to which reference has been made in disposing of the motion filed by defendants "William" and "Rochester" for the entry of judgment in their favor would also apply to the motion filed by "Michel" for the entry of summary judgment against "Meier."

In addition, the federal rule providing for summary judgment should be temperately and cautiously used lest abuse reap nullification. Avrick et al. v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568; Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130; Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239; Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 623, 64 S.Ct. 724, 88 L.Ed. 967, rehearing denied 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593.

The purpose of Rule 56(c) is to permit the trier to pierce formal allegations of fact in pleading, and grant relief by summary judgment when it appears from uncontradictory facts set forth in an affidavit, etc., that there are no genuine issues for trial. Finlay v. Union Pacific R. Co. et al., D.C., 6 F.R.D. 284; Belanger et al. v. Hopeman Bros., D.C., 6 F.R.D. 459; Keehn v. Brady Transfer and Storage Co., 7 Cir., 159 F.2d 383.

Under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides for summary judgment, it was not intended to deprive litigants of a right to full hearing on the merits if any issue of fact exists. The procedure was not intended to be used as a substitute for regular trial where the outcome of the litigation depends upon disputed questions of fact. Avrick et al. v. Rockmont Envelope Co., supra; Parmelee v. Chicago Eye Shield Co., supra; Sartor v. Arkansas Natural Gas Corporation, supra; Rogers v. Girard Trust Co., supra; Peckham v. Ronrico Corporation, D.C., 7 F.R.D. 324; Merchants Indemnity Corporation of New York v. Peterson, 3 Cir., 113 F.2d 4; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016.

On motion for summary judgment the test to be applied is whether the pleadings, depositions and admissions on file, together with the affidavits, show that except as to the amount of damages there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tunstall v. Brotherhood of Locomotive Firemen et al., D.C., 69 F.Supp. 826; affirmed 4 Cir., 163 F.2d 289, certiorari denied 332 U.S. 841, 68 S.Ct. 262; Merchants Indemnity Corporation of New York v. Peterson, supra; Toebelman v. Missouri-Kansas Pipe Line Co., supra; Avrick et al. v. Rockmont Envelope Co., supra; Parmelee v. Chicago Eye Shield Co., supra; Sartor v. Arkansas Natural Gas Corporation, supra; Blood v. Fleming, 10 Cir., 161 F.2d 292.

In passing upon a motion for summary judgment, it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Toebelman v. Missouri-Kansas Pipe Line Co., supra; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Finlay v. Union Pacific R. Co. et al., supra; Belanger et al. v. Hopeman Bros., supra; Norton v. Schotmeyer, D.C., 72 F.Supp. 188; Ulen v. American Airlines, D.C., 7 F.R.D. 37.

All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Sarnoff et al. v. Ciaglia, 3 Cir., 165 F.2d 167; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F.2d 344, 145 A.L.R. 467; Doehler Metal Furniture Co., Inc., v. United States, 2 Cir., 149 F.2d 130.

The court is without right to draw inferences favorable to a movant for summary judgment or pleadings. In that situation all reasonable intendments and inferences from the pleadings are, as a matter of law, to be taken against the movant and in favor of the opponent. National Labor

472

Relations Board v. Weirton Steel Co., 3 Cir., 146 F.2d 144.

■ A motion for summary judgment should be denied if under the evidence reasonable men might reach different conclusions. Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101.

It would not be possible to fully and completely adjudicate this case in its present status since the final determination will vary, depending on the findings of fact.

■ The federal rule relating to summary judgment in case not fully adjudicated on motion does not contemplate a summary judgment for any portion of a claim less than the whole. Biggins v. Oltmer Iron Works, 7 Cir., 154 F.2d 214.

■ I think there are questions of fact which are not without substantial disputes both as to the basis for any liability which might exist on part of one or all of the defendants, and as to the relief and damages which might be entered against any one or all of the defendants, all of which depends upon what the facts are found to be after a full and complete hearing of the proof to be offered by all of the parties.

The motion of "Michel" for the entry of judgment against "Meier" is refused.

■ Defendant "Meier" has moved the Court, under Rule 30(d) of the Federal Rules of Civil Procedure, to terminate or limit his examination for the following reasons:

(a) The defendant has been subject to an examination by the attorneys for the plaintiff on three separate occasions: January 15, February 2, and February 4, 1948.

(b) That the sole examination of defendant "Meier" has related to the questions not relevant to the issues raised in the action; that he is being harrassed, annoyed and embarrassed in an unreasonable and unnecessary manner.

(c) That no useful purpose can be gained by an additional examination of defendant "Meier."

The plaintiff answers that it is absolutely necessary to have the additional examination permitted in order to properly investigate the many factual issues which exist, and to make positive that recourse has been had to all sources available in the preparation of plaintiff's case for trial.

From a reading of the depositions previously taken of "Meier," I see no reason to presently terminate or limit generally any subsequent inquiry which is desired by the plaintiff. If it is believed that any questions which might be asked are improper, recourse is available through the court to have rulings made thereon.

In order to save the time of all parties concerned and the Court, I would suggest that the apparent bitterness which exists between the parties be tempered by counsel. Furthermore, plaintiff's counsel should not make inquiry of "Meier" relative to any matter in connection with which he has previously been questioned, unless the record indicates he has been indefinite or failed to answer the questions propounded.

The motion of "Meier" to terminate or limit his examination, subject to the comment just made, is refused.

Plaintiff has filed, under Rule 26(a) of the Federal Rules of Civil Procedure, for permission to take the depositions, upon oral examination, of "Meier," one of the defendants, Ralph J. Wick, Erma Elizabeth Olga Meier, Charles R. Eckert and Mary Ryan. Plaintiff sets forth in supporting affidavit that it is urgently necessary to have the testimony taken of said persons for purposes of discovery and to enable the plaintiff to obtain further and additional data which is needed for the preparation of his case for trial.

Plaintiff also moves, under Rule 34 of the Federal Rules of Civil Procedure, to compel the defendants to produce and permit the plaintiff, his attorneys, accountants and agents, to inspect, copy, photograph and use in the taking of depositions in this action, the following documents, papers, books, accounts, letters, contracts, patents, assignments and other records, which the plaintiff believes constitute or contain evidence material to matters involved in this action and to be in the possession, custody or control of the defendants or some of them, and none of which are privileged:

(a) The books, cancelled checks and check stubs of "Glass" showing all of its transactions and disbursements of money

from the beginning of the partnership to the present date.

(b) The books, records, documents, check stubs and cancelled checks of "William" showing all of its transactions and disbursements of money from the beginning of the business to the present date.

(c) Books, records, documents, cancelled checks and check stubs of "Rochester" showing all of its transactions and disbursements from the beginning of the business to the present date.

(d) Books, records, documents, cancelled checks and check stubs of "Beaver," a corporation.

(e) Copy or copies of the federal income tax returns and the Pennsylvania capital stock tax returns filed by "Glass," "William," "Rochester," "Beaver," "Company," "Michel," and "Meier" since the beginning of the respective businesses.

(f) Copies of the income tax returns filed at any time by "Michel," "Meier," "Glass," "Rochester," "William," "Beaver," and "Company."

In support of said motion for the production of documents, there is supporting affidavit of Austin L. Staley, one of the members of counsel for plaintiff, that "Meier" is an officer of "Rochester" and "Company"; that "Meier" has diverted partnership assets to each of said corporations under such circumstances as to lead to the belief that said corporations were a part or a continuance of "Glass." In short, that said corporations are simply the original partnership between "Michel" and "Meier." That "Meier" has continued "Glass" under new names and that "Beaver" was formed as a subsidiary in legal effect to "Glass"; that there has been a co-mingling of the assets of the partnership and the corporations so that the affairs of one are interwoven with the affairs of the other; that the transfer of the partnership assets by "Meier" to "Rochester" and "Company" was in direct violation of the written contracts; that as a result thereof, "Rochester" and "Company" should be considered in law as trustees ex-maleficio for the partnership assets which they now hold; and that in order to properly prepare the case of "Michel" for trial, it is necessary to have the benefit of a study of the above mentioned records, documents, etc., and to deny the request made would result in substantial prejudice to "Michel."

Plaintiff has also filed a motion, under Rule 45(b) of the Federal Rules of Civil Procedure, with supporting affidavit of Austin L. Staley, one of the members of counsel, that in connection with the taking of depositions hereinbefore referred to, that a subpoena duces tecum be issued with regard to the depositions of the following witnesses:

(1) As to witness Charles R. Eckert that production be directed of his file or files showing all correspondence or memoranda of any kind or nature which he had with or for "Meier," "Michel," "Glass," "Rochester," "William," "Company," and "Beaver," from January 1, 1941 to date, or any of them.

(2) As to witness Adley Hemphill that production be directed of all his files containing correspondence, papers, documents or memoranda pertaining to "Meier," "Michel," "Glass," "Rochester," "William," "Company," and "Beaver," from January 1, 1941 to date, or any of them.

(3) As to "Meier", that production be directed of all papers, letters, memoranda or other documents which he has recently loaned or turned over to his counsel with regard to this case or the parties to this case.

Plaintiff avers that all of the records just referred to are urgently needed at the time that depositions are taken for the preparation of plaintiff's case for trial.

Defendants object to the taking of depositions hereinabove referred to and to the issuance of the subpoena duces tecum relative to the documents, records, etc., to be used in connection with the oral examination at the time the depositions are taken for the following reasons:

(1) That as to "Rochester," although "Meier" is President, he is not a majority stockholder; that there is no necessity for the examining of books of "Rochester" since even if plaintiff would prevail on his theory for recovery, the question of whether or not the assets which formerly belonged to "Glass" were transferred to

"Rochester" would only be a matter of execution in which recourse would have to be made to "Meier," then possibly to "Company" and then "Rochester."

(2) That if "Rochester" could show that it paid an adequate consideration for the assets transferred, then it couldn't be liable for any more than the value of the assets which it purchased with knowledge that it didn't belong to "Meier."

(3) That it would be unreasonable and unjust to permit "Michel" to examine all the books and records of "Rochester" since the assets transferred by "Meier" were of limited nature.

Plaintiff answers this contention and argues that "Rochester" was incorporated through the efforts of "Meier" and is the producing company through whom "Company" purchases its merchandise; that the officers of "Company" and "Rochester" are practically the same; that it is necessary to have investigation permitted of "Rochester" to determine whether or not the relationship between "Company" and "Rochester" is free of fraudulent activity; and that in addition thereto "Meier" had no right to transfer the assets of "Glass" at the time it was done.

Defendants contend, as to the examination and production of the records of "William" and "Company," that if any order is granted permitting an investigation of the records, that the investigation be conducted some place other than the offices of said companies so that the normalcy of the business will not be disrupted; and that as to the examination of the records, etc., of "Glass," that an examination has previously been made and that no useful purpose would be gained in permitting an additional examination.

The same position is taken by defendants as to the examination of the records, etc., of "Meier."

Basically the defendants state that:

(1) Many of the demands are burdensome, oppressive, and vexatious, and seek production of voluminous records, correspondence and writings, the assembly of which would require extensive investigation, research and compilation, and would seriously disrupt the ordinary conduct of defendants' business.

(2) Plaintiff's demands are unreasonable and improper as to the character, scope, number and subject matter of a number of the documents requested.

(3) Plaintiff has totally failed by supporting affidavit, pleading or otherwise to show adequate "good cause" for the production of confidential research data and the voluminous accounting data requested.

(4) Plaintiff has consistently failed to designate the requested material with any reasonable degree of particularity.

Under Rule 34 it is the primary duty of the parties seeking the production of material alleged to be in the custody and control of the adverse party to satisfactorily demonstrate that there exists "good cause" for such request.

Rule 34 of the Federal Rules of Civil Procedure provides:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated relevant object or operation thereon. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

Interpretation of Rule 34 must also be read with Rule 30(b) which provides:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in

which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

 It appears, therefore, that the right of the plaintiff in this case to require the production of records and other material, and to inspect, copy and use same is not an absolute right, but is one which can be secured and must be exercised only under definitely restricted circumstances, subject always to such limitations as the Court may direct for the protection of the parties under Rule 30(b). Under the rules, the plaintiff must make a showing as follows:

(1) That there is "good cause" for the production and inspection of the desired material.

(2) That the material requested must be "designated" with reasonable definiteness and particularity.

(3) That the material must not be privileged.

(4) That the material must constitute or contain evidence relating to matters within the scope of the examination permitted by Rule 26(b), i. e., it must be "relevant to the subject matter involved in the pending action".

(5) That the material must be within the possession, custody or control of the party upon whom demand is made.

The character and scope of those documents, papers, accounts, etc., production of

which can be required under the Federal Rules of Civil Procedure, is basically defined as such material, not privileged, which constitutes or contains evidence relevant to the subject matter involved in the pending action. The "subject matter" involved in this case is of necessity determined by an examination of the plaintiff's complaint and the supporting affidavit filed in conjunction with plaintiff's motion to produce.

Plaintiff's motion is supported by the affidavit of Austin L. Staley. This affidavit does not enlarge the "subject matters" involved in the pending action but purports to establish that production of the documents and material enumerated in the motion is required by the plaintiff for the proper prosecution of his case and is "relevant to the issues in this case."

 The Federal Rules provide for only a sketchy statement of the substance of a claim or defense, which can amount to little more than notice. It is, therefore, incumbent that some machinery be substituted for such lack of detail in the pleadings and the discovery rules are the answer. It has been said that the most effective machinery for reducing and clarifying the issues is a preliminary examination of the evidence of both parties, as broad in scope as the trial itself.

The discovery rules, 26 to 37 inclusive, set up a complete method of accomplishing this purpose. Rule 26 provides for taking the testimony of any party or witness by oral depositions or written interrogatories. Rule 33 provides for the issuance of written interrogatories to any adverse party. Rule 34 provides, upon a showing of good cause, for an order on any party to produce designated papers for inspection, copying or photographing. The scope of the examination allowed is set forth in Rule 26(b) and permits a party to be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts.

Discovery is one of the working tools of the legal profession, and good cause would appear to be shown where it is established that the records in question would be relevant to the issues joined in the proceeding and amount to evidence of probative value.

■ The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.

■ Regardless of the previous state of the law, it now appears certain that depositions and discovery rules are to be afforded a broad and liberal treatment. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from engaging into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the state at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L.Ed. 451.

Has the plaintiff under Rule 34 of the Federal Rules of Civil Procedure satisfactorily shown good cause to exist for the production of the documents referred to in the motion?

■ The law heretofore was to the effect that it was not necessary under the provisions of Rule 34 to establish definitely that the documents sought to be examined constituted or contained material evidence. It was sufficient that the party seeking discovery establish that it is reasonably probable that the documents sought to be examined constituted or contained material evidence. It has also been expressed that discovery should be permitted where it is shown that the documents may contain material evidence. No useful purpose would be gained in making reference to the various authorities which support the thought just expressed.

In addition thereto, the Supreme Court of the United States in the promulgation of the amendments to the Federal Rules of Civil Procedure, which became effective March 19, 1948, modified Rule 26 which must be read in conjunction with Rule 34, by providing it is not ground for objection to the action for production of documents that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

This indicates the intention of the Supreme Court to have Rules 26 and 34 interpreted in a most liberal manner where a request is made for the production of documents or in the taking of depositions.

I believe good cause has been shown which would require the production of the records, etc., requested.

I must next consider whether the plaintiff has complied with the requirements of Rule 34 as to the designation or description of the documents desired.

■ A request for documents generally in the possession of a person which relate to a particular matter is not sufficiently specific. Callen v. Pennsylvania R. Co., D.C.E.D.Pa., 5 F.R.D. 83; Hercules Powder Co. v. Rohm and Haas Co., D.C.Del., 4 F.R.D. 452.

■ I believe the documents requested have been described with sufficient particularity to meet the requirements of Rule 34. The request made relates only to matters which have been the outgrowths of this litigation.

It is furthermore contended by defendants that the demands are highly burdensome and oppressive, and to comply therewith would not only require the expenditure of a large amount of money, but would seriously hamper the companies' current operations.

■ Every law suit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom.

■ It is the belief of the Court that the proof which is required to adjudicate this action can be aided materially through access to the records of the defendants. Without discovery, including complete access to the defendants' records kept in the regular course of business, it would be impossible for the plaintiff to offer all proof which might be needed to support his claim.

■ The parties to this action should be given an opportunity to take the depositions of any person who it is believed will be able to offer testimony relative to any of the issues which exist.

■ Discovery and the production of records should be permitted either party where reference to the records, etc., might aid or assist in the examination of any witness called, or make possible the full and complete preparation of the case of the plaintiff or defendants for trial. The Court should aid in the development of the facts rather than limit or restrict one party or the other.

Since I believe the examination of the witnesses and production of the requested documents is necessary to enable the plaintiff to proceed with his action and to facilitate proof and progress at the trial, appropriate orders are hereby entered.

## Order

And Now, this 4th day of November, 1948, it is hereby ordered:—

(a) The motion of William A. Meier Glass Company, a corporation, and the Rochester Glass Corporation for the entry of judgment against Anton Michel and in favor of said defendants is refused.

(b) The motion of William A. Meier, defendant, to terminate or limit his examination by depositions, subject to the comment set forth in the opinion, is refused.

(c) The motion of Anton Michel, plaintiff, to enter judgment in his behalf, in the amount of $20,000.00, against the defendant, William A. Meier, is refused.

(d) The motion of Anton Michel, plaintiff, to direct William A. Meier, Rochester Glass Corporation and William A. Meier Glass Company, a corporation, to produce certain records, etc., is granted. To comply with this Order, reference can be had to the motion filed, it being the intention of this Order that all matters specified in the motion are allowed.

(e) The motion of Anton Michel, plaintiff, to take the additional deposition of William A. Meier, subject to the limitations set forth in this opinion, is granted.

(f) The motion of Anton Michel, plaintiff, for the issuance of a subpoena duces tecum relative to the records, etc., in the taking of the deposition of William A. Meier, Charles R. Eckert, Adley Hemphill is granted. To comply therewith reference can be had to the motion filed relative thereto, it being the intention of this Order that all matters specified in the motion are allowed.

It is ordered, however, that the examination to be made of any records shall be conducted at a place other than the business offices of the William A. Meier Glass Company, a corporation, Rochester Glass Company, a corporation, or Beaver Valley Glass Company, a corporation. If the parties are unable to agree as to the time and place of the examination, upon application being made to the Court, a time and place will be directed.