**OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a foreign insurance company, Petitioner,**

v.

**Dwain D. BOX, Associate District Judge, Respondent.**

**No. 44505.**

Supreme Court of Oklahoma.

Dec. 14, 1971.

As Corrected March 13, 1972.

Rehearing Denied June 20, 1972.

Rinehart, Cooper & Stewart by B. J. Cooper, Oklahoma City, for petitioner.

Berry & Berry by Howard K. Berry, Oklahoma City, for respondent.

IRWIN, Justice:

Neal Frederick Davis was issued a "motor carrier's" permit after he had filed a liability insurance policy pursuant to 47 O. S.Supp.1968, § 169. Occidental Fire & Casualty Company of North Carolina was its liability insurance carrier. The issue presented concerns the right to join the liability insurance carrier as a party defendant in a tort action against Davis, the motor carrier.

The trial court in effect determined that under the record presented the liability insurance carrier was a proper party defendant and that joinder was proper. In this original proceeding the liability insurance carrier, Occidental Fire & Casualty Company, (Petitioner) seeks a writ prohibiting the trial court from further proceeding against it in the tort action against the motor carrier.

The record discloses that Kenneth Duane Cross was injured in a two-vehicle accident in Blaine County, Oklahoma. Davis was the owner and operator of one of the vehicles and Cross was a passenger in the other vehicle. Davis's "motor carrier's" permit was in force at the time of the accident.

A tort action was commenced in Oklahoma County on behalf of Cross against Davis and Petitioner was joined as a party defendant. It was alleged that at the time of the accident, Davis was operating a truck on the highway of this state within the terms of his "motor carrier's" permit. Petitioner filed an answer and denied liability on the grounds that at the time of the accident, Davis was not operating as a "motor carrier" or performing an act, either under or incident to, his carrier's permit. Thereafter, Petitioner filed a Motion to Dismiss and Motion for Summary Judgment, and attached thereto certain affidavits. Cross responded by filing other affidavits and exhibits. The trial court overruled Petitioner's Motion to Dismiss and Motion for Summary Judgment.

We will first consider when it is proper for the trial court to render a summary judgment. In French v. Sotheby & Company, Okl., 470 P.2d 318 (1970) we held that:

"Rules for the District Courts, rule 13, 12 O.S.Ann.C. 2 Appendix, permit rendition of a summary judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law, but there can be no trial of fact issues since the function of a motion for summary judgment is to determine whether there are any genuine issues as to material facts."

In Flick v. Crouch Welding Service, Okl., 434 P.2d 256 (1967), we said that the summary judgment rule (Rule 13, supra) was:

"* * * patterned after Rule 56 of the Fed.Rules Civ.Proc., 28 U.S.C.A. The object of that rule is to avoid a useless trial, and a trial is not only useful but absolutely necessary where there is a genuine issue as to any material fact. On motion for summary judgment there can be no trial of fact issues since its function is to determine whether there are any genuine issues as to material facts. Such motion should therefore be denied if under the evidence reasonable men might reach different conclusions from undisputed facts. Michel v. Meier, D.C., 8 F.R.D. 464; Neff v. World Pub. Co., 8 Cir., 349 F.2d 235."

In Perry v. Green, Okl., 468 P.2d 483 (1970), we said that a motion for summary judgment should be denied if the facts concerning any issue raised by the pleadings, as set forth in the depositions, admissions, answers to interrogations and affidavits on file in the case, are conflicting, or if reasonable men, in the exercise of a fair and impartial judgment, might reach different conclusions from undisputed facts concerning any issue as set forth in such instruments.

The affidavits supporting petitioner's contention that at the time of the accident Davis was not operating his vehicle as a motor carrier, or performing an act, either

under or incident to, his motor carrier's permit, are summarized as follows:

Davis was employed by an implement company and in addition thereto fed and raised his own cattle for sale; that prior to the date of the accident he had talked with a Mr. Kimball about leasing some pasture land on which to run his cattle; that Kimball had offered him some land with the understanding that Davis would fix the fence and pay a fixed rental; that Davis made arrangements with his employer to leave work early for the purpose of going by the land to determine what materials would be needed to repair the fence; and that he was on his way to the land when the accident occurred.

The affidavit of Mr. Kimball is in harmony with the statements of Davis that he had discussed with Davis the possibility of leasing him some pasture land and the consideration for the lease.

The accident occurred on January 9, 1970. According to the affidavit of Davis, he had owned trucks and used to haul as a motor carrier under a permit prior to February, 1969; that Petitioner was its liability insurance carrier and the policy he was then operating under was issued on December 3, 1968; that subsequent to the issuance of the policy he sold his trucking equipment and stopped operating as a "motor carrier"; that the insurance policy issued December 3, 1968, was cancelled on February 18, 1969; that in March, 1969, he contacted his insurance agent to obtain some type of insurance coverage to keep his motor carrier's permit active; and that Petitioner issued him a new policy, effective March 13, 1969, for a minimum premium of $25.00, for the sole purpose of keeping his motor carrier's permit active.

The affidavit of Davis's insurance agent is in harmony with the statements of Davis concerning the issuance of the first policy on December 3, 1968, and its cancellation in February, 1969; and the issuance of a new policy for a minimum premium in March, 1969, for the sole purpose of keeping Davis's motor carrier's permit active. The policy that was effective December 3, 1968, which was cancelled, listed the trucking equipment (a White tractor and a Hobbs trailer) and the policy that was effective in March, 1969, listed no equipment. However, plaintiff Cross submitted an exhibit prepared by the director of the Motor Carrier Division of the Corporation Commission that the motor carrier's certificate covered any trucks operating under the certificate and that the Commission did not require that trucks be registered individually. Davis was operating a Ford pickup at the time of the accident.

The affidavit of Davis further states that he carried a commercial license plate on his pickup to avoid any questions concerning its use; that his pickup was not being used to haul goods for hire for others; that the pickup did not have a permit sticker and that it was listed on a separate insurance policy issued by another company; and that at the time of the accident he was not engaged in a business for hire for others but was on a trip for his own purpose in connection with his own cattle business.

Plaintiff Cross submitted the affidavit of a Mr. Weber who was Davis's foreman at the implement company. Weber stated that Davis contacted him to see if "he could leave early because *he had some cattle business which he had to take care of*". (emphasis ours). Cross also submitted exhibits showing Davis's motor carrier's permit and the liability insurance policy filed with the Corporation Commission, and other exhibits and affidavits not pertinent to the disposition of this proceeding.

The affidavits submitted by the parties are not in harmony concerning the exact time that Davis left his employment at the implement company on the day of the accident. Plaintiff contends that when this discrepancy is considered in connection with the fact that Davis had a motor carrier's permit and had been engaged in hauling cattle for hire and that he told his

foreman that he wanted "to leave early because he had some cattle business which he had to take care of", that such facts are sufficient to create an issue of fact and the trial court was correct in overruling Petitioner's motion to dismiss and motion for summary judgment. In this connection, plaintiff argues that since Davis had a motor carrier's permit and operating his own vehicle the burden was upon Petitioner to prove that the activity of Davis at the time of the accident was not within the scope of his motor carrier's permit.

In Rock Island Oil Company v. J & E Hot Oil Service, Okl., 488 P.2d 1239, we held that when a motor carrier's permit has been issued and an accident occurs while the carrier is conducting an activity which is part of its overall operation as a motor carrier, its insurance carrier may be joined as a party defendant in a tort action brought against the carrier arising from the accident.

If, as contended by Petitioner, Davis was engaged in the activities Petitioner argues that Davis was engaged in at the time of the accident, Petitioner is not a proper party defendant in the tort action against Davis.

■ The only factual issue asserted to be in controversy in the case at bar concerns the activity that Davis was engaged in at the time of the accident. In our opinion, the affidavit of Davis's foreman that Davis wanted to leave work early because "he had some cattle business which he had to take care of" is not in conflict with any other affidavits or exhibits presented. We are of the opinion that reasonable men, in the exercise of a fair and impartial judgment, could not reach different conclusions concerning the activities that Davis was engaged in at the time of the accident; (see Perry v. Green, supra) and they would reach the conclusion that Davis was not operating as a motor carrier or conducting any activity which was part of his overall operation as a motor carrier at the time of the accident. Therefore, no cause of action existed against Petitioner and it was not a proper party defendant.

We hold that the trial court erred in overruling Petitioner's motion to dismiss and motion for summary judgment.

■ Petitioner argues that it is entitled to have this Court assume original jurisdiction and issue the writ for the reason that venue and jurisdiction of plaintiff's action could be in the District Court of Oklahoma County only if it were a proper party defendant in the action. Petitioner argues that the accident did not occur in Oklahoma County; that Cross, the injured party, does not reside in Oklahoma County and that Davis, Petitioner's co-defendant was not served within Oklahoma County.

The petitioner was not a proper party-defendant in this action. Venue against Davis alone cannot be laid in Oklahoma County. The present action is therefore subject to dismissal on Davis' objection to the venue.

The case should have come here in a procedural posture different from prohibition. This is so because petitioner cannot complain on prohibition of venue being improper as to Davis. No one has objected to a full disposition of the issues raised in this proceeding and expeditious determination is in order.

Original jurisdiction is assumed and the trial court is ordered to dismiss the action as improperly brought against petitioner.

All the Justices concur.